147 N.J. Super. 195 (1977)
370 A.2d 916
STATE OF NEW JERSEY, PLAINTIFF,
v.
RONALD CORBITT, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided January 6, 1977.
*197 Mr. Solomon Forman, First Assistant Prosecutor for the State. (Mr. Richard J. Williams, Prosecutor of Atlantic County, attorney).
Mr. Robert J. Moran, Deputy Public Defender, for defendant.
FRANCIS, A.J.S.C.
Defendant's petition for post-conviction relief challenges the legality of the sentence imposed on him on February 7, 1969. The facts which give rise to this matter can be recited briefly. Petitioner's initial arrest on the charges which resulted in the sentence at issue occurred in Atlantic City, N.J., in February 1967. He was subsequently admitted to bail. He traveled to Florida where he was eventually arrested on a separate charge and sentenced to a term of three years. He had served a portion of that term in Florida when, on or about July 15, 1968, he was returned to New Jersey pursuant to an extradition agreement, to answer to the charge first mentioned. The extradition agreement, signed by the governors of both Florida and New Jersey, provided that it was "granted upon the express condition that said person (petitioner) be taken from and returned to the State of Florida * * * to be so returned as soon as the prosecution in the State of New Jersey is terminated * * *"
Petitioner was then confined in New Jersey from July 15, 1968 to March 24, 1969. During that period he was convicted on two counts of the indictment which resulted from the original charges. He appeared for sentence on January 2, 1969, at which time the judge imposed one sentence of 7-10 *198 and another sentence of 3-5 years, said sentences to be served consecutively. The judge made no reference to the remaining term of defendant's Florida sentence, and it is apparent from the record of that and later proceedings that he had no knowledge of that term, or of the extradition agreement itself. On February 7, 1969 petitioner was again brought before the sentencing judge who, upon being informed of the terms of the extradition agreement, attempted to "clarify" the sentence originally imposed, ordering that the sentence not be served until petitioner had completed the Florida sentence pending at the time of extradition. He specified that the New Jersey sentence should run "consecutively with" the Florida sentence. It is that directive which is challenged here.
Petitioner was subsequently returned to Florida on or about March 24, 1969. He was again returned to New Jersey on September 29, 1969, apparently upon completion of the Florida sentence. He commenced serving the two consecutive terms of 7-10 and 3-5 years on that date, and was thereafter admitted to parole by the New Jersey Parole Board on August 21, 1973. While on parole he was arrested on a federal bank robbery charge. Following an indictment and the entry of a guilty plea he was sentenced to a 10-15-year term in a federal penitentiary. The New Jersey Parole Board has issued a warrant for violation of parole, said warrant being on file at the federal penitentiary at which petitioner is presently confined. The potential revocation of petitioner's parole gives rise to the issue presented here.
Petitioner contends that the two consecutive sentences imposed upon him on January 2, 1969 were to be served concurrently with the portion of his Florida sentence remaining at the time of his New Jersey conviction, and that the later clarification directing that said sentences run consecutively with the Florida sentence was illegal and invalid. See State v. Matlack, 49 N.J. 491 (1967), cert. den. 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed. 2d 606 (1967). At issue is the effect of the six months that petitioner was confined *199 in Florida after his New Jersey conviction and prior to his second return to New Jersey in September 1969  that is, whether those six months should be included as time served on the New Jersey sentence imposed in 1969. The question is whether a sentence imposed by a New Jersey court should be served concurrently or consecutively with a sentence previously imposed in another state when defendant has been brought to New Jersey, upon the interruption of his confinement in the other jurisdiction, under the terms of an extradition agreement which required his immediate return upon the completion of the New Jersey prosecution, when the sentencing judge was unaware of the proceedings in that other state and therefore made no comment and gave no direction on that point.
This court finds that a sentence imposed under the circumstances presented here must run concurrently with the sentence pending in the other jurisdiction. Petitioner is entitled to appropriate credit on any time remaining on his New Jersey sentence.
Separate sentences imposed by a single New Jersey court will run concurrently unless the sentencing judge clearly directs that they be served consecutively. In re De Luccia, 10 N.J. Super. 374 (Cty. Ct. 1950). The same rule applies as to the imposition of separate sentences, at separate times, by more than one New Jersey court. Absent specific direction to the contrary, such sentences will also run concurrently. In re Sabongy, 18 N.J. Super. 334 (Cty. Ct. 1952). Those rules have also been followed in most other jurisdictions. See 24B C.J.S. Criminal Law § 1996(2) at 661. This case, however, involves the imposition of separate sentences by courts in separate states. In that situation the presumption noted above has often been reversed. In most jurisdictions separate sentences imposed at different times by courts of different states, and silent as to their concurrent or consecutive nature, are construed as running consecutively. See 24B C.J.S. Criminal Law § 1996(6) at 677. There is, however, no New Jersey case directly on point. Those *200 New Jersey cases dealing with the imposition of separate sentences by a single New Jersey court, or by separate New Jersey courts, however, create a strong presumption favoring concurrent sentences in the absence of contrary direction.
That presumption is appropriately extended to the circumstances of this case. The sentencing judge had no knowledge of the pending Florida sentence, nor of the terms of the extradition agreement. It would be unrealistic, therefore, to suggest he intended the New Jersey and Florida terms to be served consecutively. To the contrary, under New Jersey law the sentence imposed would ordinarily commence immediately upon its imposition. Sims v. Read, 28 N.J. Super. 557 (Law Div. 1953); In re Benton, 10 N.J. Super. 595 (Cty. Ct. 1950). Here the State was a party to the extradition agreement which required petitioner's immediate return to Florida. The burden of calling the terms of such an agreement to the attention of a sentencing judge should rest with the State. Where the meaning of a sentence is uncertain the court should resolve such a controversy "in favor of liberty." State v. Dento, 31 N.J. Super. 535, 541 (App. Div. 1954), cert. den., 351 U.S. 941, 76 S.Ct. 839, 100 L.Ed. 1467 (1956). That principle is particularly applicable where, as here, the lack of specificity in sentencing can be traced to the State's own omission.
The sentence imposed on January 2, 1969 was to run concurrently with petitioner's pending Florida sentence. The resentencing of February 7, 1969, directing that said terms be served consecutively was therefore an increase in sentence. Such an action is not authorized under New Jersey law and the prior concurrent sentence remains in effect. See State v. Matlack, supra, R. 3:21-10, R.R. 3:7-13(a).
It is so ordered.