264 N.J. Super. 62 (1993)
624 A.2d 27
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FELIPO ESPINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 23, 1993.
Decided April 23, 1993.
*63 Before Judges ANTELL, SKILLMAN and VILLANUEVA.
Zulima V. Farber, Public Defender, attorney for appellant (Michael B. Jones, Assistant Deputy Public Defender, of counsel and on the brief).
*64 Robert W. Gluck, Middlesex County Prosecutor, attorney for respondent (Simon Louis Rosenbach, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
The primary issue presented by this appeal is whether a defendant whose sentence has been vacated on appeal may be resentenced to a longer term on one of a related group of convictions provided there is no increase in his aggregate sentence.
Defendant was an inmate at the Middlesex County Correctional Center. Shortly after midnight on September 28, 1986, he and two other inmates attempted to escape. One of the other inmates told Steven Szajko, a correction officer who was manning a control booth, that the electronic device used to open the inmate's cell was not working, and requested Szajko to open the door manually with his key. As Szajko got out his key, defendant hit him on the head with a hard object. Szajko fell to the floor and was jumped by defendant and his confederates, who punched and kicked him. Defendant then handcuffed Szajko's hands behind his back, dragged him into a counselor's office and closed the door. Shortly thereafter, other guards entered the cell area, assumed control of the situation and released Szajko. Szajko was taken to the hospital, where he was treated for injuries to his head, wrist, eye, neck and ribs.
A jury found defendant guilty of criminal restraint, contrary to N.J.S.A. 2C:13-2; robbery, contrary to N.J.S.A. 2C:15-1; attempted escape, contrary to N.J.S.A. 2C:5-1 and N.J.S.A. 2C:29-5; two counts of simple assault, contrary to N.J.S.A. 2C:12-1a; two counts of aggravated assault, contrary to N.J.S.A. 2C:12-1b(5); possession of implements for escape, contrary to N.J.S.A. 2C:29-6a(2); disorderly conduct, contrary to N.J.S.A. 2C:33-2; conspiracy, contrary to N.J.S.A. 2C:5-2; and possession of a weapon for unlawful purposes, contrary to N.J.S.A. 2C:39-4d.
*65 The trial court sentenced defendant to consecutive ten year terms of imprisonment, with five years of parole ineligibility, for attempted escape and robbery. In addition, the court sentenced defendant to concurrent five year terms for criminal restraint, possession of implements for escape, aggravated assault and possession of a weapon for an unlawful purpose, and a concurrent six month term for disorderly conduct. Defendant's conviction for conspiracy was merged into his convictions for robbery, attempted escape, criminal restraint and aggravated assault, and his convictions for simple assault were merged into his convictions for aggravated assault. Thus, defendant was sentenced to an aggregate term of twenty years imprisonment, with ten years of parole ineligibility, which was made consecutive to the sentence defendant was serving at the time of the attempted escape.
We affirmed defendant's conviction and the convictions of two codefendants in an unreported opinion filed April 9, 1991. State v. Seau, Espino and Rosa, A-1159-88T4, A-1193-88T4, A-1416-88T4. We also concluded that the aggravating sentencing factors identified by the trial court were adequately supported by the record, at least as pertains to the offense of attempted escape, and thus there was an adequate basis for imposition of the maximum term and period of parole ineligibility for that offense. However, we further concluded that the trial court had failed to provide a separate statement of reasons for the imposition of a consecutive sentence for robbery. Therefore, we remanded to the trial court to reconsider whether consecutive sentences should be imposed in light of the sentencing guidelines set forth in State v. Yarbough, 100 N.J. 627, 643-44, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986). In addition, we made the following observation regarding the consecutive sentences which the trial court had imposed at the original sentencing:
[E]ven if consecutive sentences are found to be warranted, the court should not automatically impose such sentences with respect to the two most serious offenses. Rather, the court should consider whether a lesser degree offense, such as aggravated assault upon a law enforcement officer, more directly reflects the infliction of a harm independent of the attempted escape than the higher degree offense of robbery.
*66 The Supreme Court denied defendant's petition for certification. State v. Espino, 126 N.J. 338, 598 A.2d 895 (1991).
On remand, the trial court reimposed a ten year sentence for robbery, but eliminated the period of parole ineligibility and made the sentence concurrent with the sentence for attempted escape. The court also modified defendant's sentence for one of his convictions of aggravated assault upon a law enforcement officer, by adding a two and a half year period of parole ineligibility and requiring the sentence to be served consecutively to the sentence for attempted escape. The court reimposed the same sentences with respect to defendant's other convictions, including the ten year term of imprisonment, with five years parole ineligibility, for attempted escape. Thus, the court on remand imposed an aggregate sentence of fifteen years imprisonment, with seven and a half years parole ineligibility, which was less than defendant's original aggregate sentence of twenty years imprisonment, with ten years of parole ineligibility. The court also again made defendant's sentence consecutive to the sentence he was serving at the time of the attempted escape.
On appeal, defendant argues that the trial court violated his rights under the Double Jeopardy and Due Process Clauses of the federal and state constitutions by increasing his sentence for one count of aggravated assault through the imposition of a period of parole ineligibility which was not part of the original sentence and making this sentence consecutive rather than concurrent. Defendant also argues that even if this change in his sentence was constitutional, the court violated the Yarbough sentencing guidelines by imposing consecutive sentences for an attempted escape and aggravated assault which were part of the same criminal episode. We reject these arguments and affirm.

I
Generally, jeopardy attaches once a defendant commences serving a prison term. State v. Ryan, 86 N.J. 1, 10, 429 A.2d 332, cert. denied, 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 *67 (1981). Consequently, a defendant who has begun to serve a sentence ordinarily may not be resentenced to an increased term. Ibid. Moreover, a change in a sentence from concurrent to consecutive or the imposition of a period of parole ineligibility which was not part of the original sentence would constitute an increased term. State v. Cruz, 125 N.J. 550, 593 A.2d 1169 (1991); State v. Corbitt, 147 N.J. Super. 195, 200, 370 A.2d 916 (Law Div. 1977).
But if a defendant prevails on appeal, an increased term for a particular offense may be imposed under some circumstances without violating due process or double jeopardy guarantees. Thus, in State v. Rodriguez, 97 N.J. 263, 478 A.2d 408 (1984), a defendant was convicted of multiple offenses, including felony murder, for which the court imposed a sentence of twenty years imprisonment, with ten years of parole ineligibility, and robbery, for which the court imposed a consecutive sentence of ten years imprisonment, with five years of parole ineligibility, for an aggregate term of thirty years imprisonment, with fifteen years of parole ineligibility. After this court concluded that defendant's conviction for robbery should have been merged into his conviction for felony murder, the Supreme Court held that the defendant could be resentenced to an increased term for felony murder, so long as his sentence did not exceed the aggregate consecutive term originally imposed for felony murder and robbery. In the course of its opinion the Court stated:
[W]e do not perceive any unfairness to defendant if he were resentenced in this case to a term not in excess of that originally imposed.... It is evident that the sentencing court structured its original sentence so that for these related offenses defendant would serve in the aggregate a term of thirty years with fifteen years of parole ineligibility....
We do not believe that other constitutional or policy concerns are compromised by authorizing defendant to be resentenced in conformity to the sentences originally imposed. Many courts have recognized that when a defendant challenges the imposition of one or more sentences and demands that the sentence be vacated, a reviewing court has the power to vacate other sentences imposed by the same judgment that are interdependent with the challenged sentences.... Further, courts have recognized that on remand the sentencing court can increase the terms of the sentences that defendant has not challenged without violating the federal *68 protection against double jeopardy so long as the aggregate term of imprisonment is not increased.
[Id. at 273-75, 478 A.2d 408 (citations omitted).]
Defendant argues that under Rodriguez a sentence for an offense may be increased only if the conviction for another offense has been vacated. Defendant correctly points out that the Court in Rodriguez distinguished State v. Ryan, supra, 86 N.J. 1, 429 A.2d 332, State v. Matlack, 49 N.J. 491, 231 A.2d 369, cert. denied, 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967), and State v. Pratts, 145 N.J. Super. 79, 366 A.2d 1327 (App.Div. 1975), aff'd o.b., 71 N.J. 399, 365 A.2d 928 (1976), on the basis that in those cases the original underlying convictions had remained undisturbed and the sentence alone had been changed, while in Rodriguez "defendant's challenge to the convictions on merger grounds resulted in the modification and partial reversal of the underlying conviction." 97 N.J. at 271, 478 A.2d 408.
However, the essential rationale of Rodriguez extends to a case such as this in which a defendant successfully challenges his sentence on appeal and the case is remanded for resentencing. A defendant who claims that part of his sentence fails to comply with applicable sentencing guidelines has a lack of a legitimate expectation of finality in his sentence similar to a defendant who claims one of his convictions should merge into another.[1] In both situations, the defendant should be aware that the trial court in molding a consecutive sentence "will normally make an overall evaluation of the punishment for the several offenses involved." State v. Yarbough, supra, 100 N.J. at 646, 498 A.2d 1239; see also State v. Miller, 108 N.J. 112, 122, 527 A.2d 1362 (1987) (In connection with consecutive sentences, "[t]he focus should be on the fairness of the overall sentence."). Consequently, we conclude that a defendant should reasonably expect that if a sentence which is to be served consecutively to other sentences imposed for the *69 same criminal episode is found to be legally deficient, the trial court may reconsider other parts of the overall sentence to assure that defendant receives a proper punishment. We also conclude that State v. Matlack, supra, 49 N.J. at 500-02, 231 A.2d 369 and State v. Pratts, supra, 145 N.J. Super. 79, 366 A.2d 1327, insofar as they may be read to prohibit the restructuring of a sentence upon resentencing even if a defendant has no legitimate expectation of finality in the form of an original sentence, have been modified by Rodriguez's approval of sentence restructuring upon a remand for resentencing.
Consistent with this interpretation of Rodriguez, we held in State v. Bowen, 224 N.J. Super. 263, 273-77, 540 A.2d 218 (App. Div. 1988), that a trial court could restructure the sentence of a defendant who was originally sentenced to an indeterminate term pursuant to the repealed Sex Offender Act but later resentenced pursuant to the Code of Criminal Justice upon transfer into the general prison population. We concluded that double jeopardy principles did not preclude restructuring of "interdependent sentences ... so long as the aggregate term of imprisonment is not increased." Id. at 276, 540 A.2d 218. While Bowen involved somewhat different circumstances than the present case, it supports our conclusion that Rodriguez allows the restructuring of a sentence so long as a defendant's legitimate expectations of finality are honored.
Moreover, recent federal cases directly support our conclusion that when a defendant successfully challenges a conviction or sentence on appeal, the component parts of an aggregate sentence may be restructured upon resentencing without violating the defendant's due process or double jeopardy rights. See, e.g., Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989); Pennsylvania v. Goldhammer, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985); United States v. Dominguez, 951 F.2d 412 (1st Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1960, 118 L.Ed.2d 562 (1992); United States v. Welch, 928 F.2d 915 (10th Cir.), cert. denied, ___ U.S. ___, 112 S.Ct. 153, 116 L.Ed.2d 118 (1991); United States v. Vontsteen, 910 F.2d 187, 191-94 (5th *70 Cir.1990), cert. denied, ___ U.S. ___, 112 S.Ct. 3039, 120 L.Ed.2d 908 (1992); Kelly v. Neubert, 898 F.2d 15 (3d Cir.1990); United States v. Pimienta-Redondo, 874 F.2d 9 (1st Cir.), cert. denied, 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989); United States v. Gray, 852 F.2d 136, 138-39 (4th Cir.1988); United States v. Bentley, 850 F.2d 327 (7th Cir.), cert. denied, 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988); United States v. Shue, 825 F.2d 1111 (7th Cir.1987).
In Pennsylvania v. Goldhammer, a defendant convicted of 112 counts of theft and forgery was sentenced to a custodial term of two to five years on one count and probationary or suspended terms on the remaining counts. On appeal, the conviction for which defendant had been sentenced to a custodial term was reversed, but his convictions for some offenses for which he had received suspended sentences were affirmed. The Supreme Court held that resentencing defendant to a custodial term for the offenses affirmed on appeal would not violate the Double Jeopardy Clause, noting that "the decisions of this Court `clearly establish that a sentenc[ing in a noncapital case] does not have the qualities of constitutional finality that attend an acquittal.'" Id., 474 U.S. at 30, 106 S.Ct. at 353-54, 88 L.Ed.2d at 186 (quoting United States v. DiFrancesco, 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328, 344 (1980)).
In United States v. Pimienta-Redondo, supra, 874 F.2d 9, the defendant was convicted of two drug offenses arising out the same activity and received consecutive sentences of five years for each offense, for an aggregate term of ten years. On appeal, the court reversed one conviction, and subsequently the trial court resentenced the defendant to a ten year sentence for the surviving conviction. The First Circuit held that this increased sentence did not violate defendant's rights under either the Due Process or Double Jeopardy Clauses:
[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge *71 should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal.
[Id. at 14.]
In United States v. Bentley, supra, 850 F.2d 327, the defendant was sentenced to concurrent twelve year terms of imprisonment for a number of offenses. After his convictions were affirmed on appeal, defendant moved before the trial court for a reduction of sentence on the ground that the maximum term allowed for his offenses was five years. The court agreed and reduced the illegal sentences to five years or less. However, in order to preserve the original aggregate term of twelve years, the court made several of those sentences consecutive. In rejecting defendant's contention that this resentencing violated the Due Process and Double Jeopardy Clauses, the court stated:
[I]f illegal sentences in the original package foil the district court's original plans, the court may start anew and arrive at a punishment no more severe in aggregate than the first. Our court has concluded that whenever a reversal on appeal undoes a sentencing plan, or even calls the plan into question, the district court should be invited to resentence the defendant on all counts in order to achieve a rational, coherent structure in light of the remaining convictions.
....
Since the package was not increased, none of [defendant's] legitimate expectations has been disregarded.
[Id. at 328-30.]
The New Jersey courts are free to construe the double jeopardy protections of the New Jersey Constitution more expansively than cases such as Goldhammer, Pimienta-Redondo and Bentley have construed the double jeopardy protections of the United States Constitution. State v. Churchdale Leasing, Inc., 115 N.J. 83, 108, 557 A.2d 277 (1989). However, our recent cases applying double jeopardy principles to sentencing reflect the same emphasis as the federal cases upon recognition of a defendant's legitimate expectations of finality. See, e.g., State v. Rodriguez, supra, 97 N.J. at 270, 478 A.2d 408; State v. Ryan, supra, 86 N.J. at 10, 429 A.2d 332, State v. Towey, 244 N.J. Super. 582, 596, 583 A.2d 352 (App.Div. 1990); State v. Bowen, supra, 224 N.J. Super. at 275-76, 540 A.2d 218; State v. McMeekin, 204 N.J. Super. 496, 506, 499 *72 A.2d 515 (App.Div.), certif. denied, 102 N.J. 302, 508 A.2d 188 (1985). Furthermore, our courts have consistently construed this State's double jeopardy protections to be co-extensive with the double jeopardy guarantees of the federal constitution. See, e.g., State v. Dillihay, supra, 127 N.J. at 47, 601 A.2d 1149; State v. DeLuca, 108 N.J. 98, 102, 527 A.2d 1355, cert. denied, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); State v. Rechtschaffer, 70 N.J. 395, 404, 360 A.2d 362 (1976). In fact, the Court's opinion in Rodriguez was based in substantial part upon its reading of the Supreme Court of the United States' decisions in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), United States v. DiFrancesco, supra, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 and Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). See State v. Rodriguez, supra, 97 N.J. at 269-71, 276, 478 A.2d 408. Consequently, we consider it appropriate to construe the double jeopardy protections of the New Jersey Constitution consistently with the recent federal cases holding that the component parts of an aggregate sentence may be restructured upon resentencing without violating a defendant's due process or double jeopardy rights, so long as the defendant's aggregate sentence is not increased.
Applying the "legitimate expectation of sentencing finality" test of Rodriguez and the recent federal cases, we conclude that defendant's resentencing did not violate his double jeopardy rights. Defendant's only legitimate expectation of finality was that his original aggregate sentence of twenty years imprisonment, with ten years parole ineligibility, would not be increased. Defendant was the one who challenged the structure and length of this sentence by arguing in his original appeal that some of his convictions should have been merged and that consecutive sentences were improperly imposed. Defendant should reasonably have anticipated that if he were successful in any of his challenges to the sentence, the case would be remanded for resentencing and a restructured sentence could be imposed. See State v. Rodriguez, supra, 97 N.J. at 274-75, 478 A.2d 408 ("Many courts have recognized that when a defendant challenges the imposition of one *73 or more sentences and demands that the sentence be vacated, a reviewing court has the power to vacate other sentences imposed by the same judgment that are interdependent with the challenged sentences."). Moreover, there was no possible vindictiveness in the restructuring of defendant's sentence since the restructuring resulted in a reduction of his aggregate term for the same offenses he had been sentenced for originally. See Wasman v. United States, supra, 468 U.S. at 564-69, 104 S.Ct. at 3220-23, 82 L.Ed.2d at 430-33; United States v. Dominguez, supra, 951 F.2d at 414-16. Consequently, the increase of defendant's sentence for aggravated assault as part of the restructuring of his overall sentence was consistent with defendant's legitimate expectation of sentencing finality and thus did not violate his double jeopardy rights under either the United States or New Jersey Constitutions.

II
We turn next to defendant's argument that the consecutive sentence for aggravated assault violated the Yarbough sentencing guidelines. These guidelines provide:
(1) there can be no free crimes in a system for which the punishment shall fit the crime;
(2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;
(3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:
(a) the crimes and their objectives were predominantly independent of each other;
(b) the crimes involved separate acts of violence or threats of violence;
(c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
(d) any of the crimes involved multiple victims;
(e) the convictions for which the sentences are to be imposed are numerous;
(4) there should be no double counting of aggravating factors;
(5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense; and
(6) there should be an overall outer limit on the cumulation of consecutive sentences for multiple offenses not to exceed the sum of the longest terms *74 (including an extended term, if eligible) that could be imposed for the two most serious offenses.
Defendant properly states that sentencing guidelines 3(a), (b) and (c) point in favor of the imposition of concurrent sentences for the attempted escape and the aggravated assault upon Officer Szajko. The two offenses were not predominantly independent of each other, they did not involve separate acts of violence or threats of violence, and the offenses were committed so closely in time and place as to indicate a single period of aberrant behavior. However, sentencing guidelines 3(d) and (e) support the trial court's decision to impose consecutive sentences. Defendant was sentenced for eight different offenses, which qualifies as "numerous." The attempted escape and aggravated assault also involved different victims. The "victim" of the attempted escape was the penal institution, which represents society's interest in the confinement of persons who have been sentenced to prison, while the victim of the aggravated assault was the correctional officer who defendant and his confederates attacked during the course of the attempted escape.
We reject defendant's argument that the assault upon Officer Szajko was required to elevate the attempted escape from a third to a second degree offense and thus the imposition of consecutive sentences for attempted escape and aggravated assault violated guideline (4), which prohibits "double counting of aggravating factors." Although any use of "force" or "threat" is sufficient to make an attempted escape a second degree offense, N.J.S.A. 2C:29-5, the assault upon Officer Szajko went beyond what was required to support a conviction for second degree attempted escape. Defendant viciously struck Officer Szajko over the head with a hard object. Moreover, after the officer fell down, one of the codefendants kicked and beat him. Thus, even though Officer Szajko was not seriously injured, the assault committed by defendant and his confederates, especially the blow to the head, had the potential for causing a serious injury, or even death. Therefore, the imposition of a consecutive sentence for this offense did not constitute the double counting of one of the elements of second *75 degree attempted escape. See State v. Yarbough, supra, 100 N.J. at 646, 498 A.2d 1239; State v. Mara, 253 N.J. Super. 204, 214, 601 A.2d 718 (App.Div. 1992).
In sum, some of the Yarbough guidelines point in favor of the imposition of concurrent sentences and others in favor of the imposition of consecutive sentences. But on balance, the trial court could reasonably have concluded that the public interest in deterring violent assaults upon correctional officers is sufficiently important and sufficiently separate from the public interest in preventing prison escapes to warrant the imposition of consecutive sentences for attempted escape and aggravated assault.
Affirmed.
NOTES
[1] We note that although a merger results in dismissal of the merged offense, a trial court considers merger questions as an integral part of the sentencing process. See State v. Dillihay, 127 N.J. 42, 601 A.2d 1149 (1992).