# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1148-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

M.O.,

     Defendant-Appellant.

_____

Submitted March 3, 2026 – Decided April 8, 2026

Before Judges Gilson, DeAlmeida, and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 21-07-0466.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Kevin S. Finckenauer, Assistant Deputy Public Defender, of counsel and on the briefs).

Janetta D. Marbrey, Mercer County Prosecutor, attorney for respondent (Jennifer Downing-Mathis, First Assistant Prosecutor, on the brief; Matthew S. Samel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This matter returns to us on a remand from the New Jersey Supreme Court to address defendant's challenges to his sentences. On June 24, 2024, we issued an unpublished opinion with a dissent. State v. Owens, No. A-1148-22 (App. Div. June 24, 2024). In that opinion, the majority vacated defendant's conviction for murder, possession of a handgun for an unlawful purpose, and theft. The dissent would have affirmed defendant's conviction for murder and possession of a handgun for an unlawful purpose but agreed the theft conviction should be vacated. Thereafter, we published most of the opinion, including the dissent. See State v. Owens, ___ N.J. Super. ___ (App. Div. 2026).

On January 6, 2026, the Supreme Court reversed the majority opinion, substantially for the reasons explained in the dissenting opinion, and reinstated defendant's convictions except for the theft conviction. State v. Owens, 262 N.J. 391 (2026). Because the majority of this court had not addressed defendant's challenges to his sentences, the Supreme Court remanded the matter to us.

I.

The jury convicted defendant of five crimes: (1) first-degree murder, N.J.S.A. 2C:11-3(a)(1); (2) second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); (3) second-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1); (4) third-

degree aggravated assault, N.J.S.A. 2C:12-1(b)(13); and (5) fourth-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a).

At sentencing, the court merged the conviction for possession of a weapon for an unlawful purpose into the murder conviction and then sentenced defendant to forty-five years in prison, with periods of parole ineligibility and supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On the conviction for unlawful possession of a handgun without a permit, defendant was sentenced to five years in prison with three and a half years of parole ineligibility as prescribed by the Graves Act, N.J.S.A. 2C:43-6(c). That sentence was run concurrent to the murder sentence. On the conviction for third-degree aggravated assault, defendant was sentenced to four years in prison. Finally, on the conviction for theft, defendant was sentenced to one year in prison. The assault and theft sentences were run concurrent to each other, but consecutive to the other sentences. Accordingly, in aggregate, defendant was sentenced to forty-nine years in prison with periods of parole ineligibility and supervision.

In his appeal, defendant challenged his sentences contending that the trial court (1) inappropriately gave heavy weight to the aggravating factor of

3

deterrence, and (2) failed to discuss the overall fairness of the sentences. In that regard, defendant articulated his arguments as follows:

> THE TRIAL COURT AFFORDED INAPPROPRIATELY HEAVY WEIGHT TO THE GENERAL DETERRENCE FACTOR AT SENTENCING AND FAILED TO DISCUSS THE OVERALL FAIRNESS OF CONSECUTIVE SENTENCES AS REQUIRED BY STATE V. TORRES, REQUIRING REVERSAL FOR A RESENTENCING.

Following remand from the Supreme Court, defendant submitted a supplemental brief arguing that he was entitled to resentencing because the theft conviction had been vacated. He articulated that argument as follows:

> THE REVERSAL OF THE THEFT CONVICTION REQUIRES VACATING THE SENTENCES OF THE REMAINING CONVICTIONS TO ALLOW FOR A WHOLESALE RESENTENCING.

II.

An appellate court's standard of review of sentences is well-established and deferential. State v. Rivera, 249 N.J. 285, 298 (2021) (citing State v. Fuentes, 217 N.J. 57, 70 (2014)). We will affirm a trial court's sentences unless: "(1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found were not 'based upon competent credible evidence in the record;' or (3) 'the application of the guidelines to the facts of [the] case . . . shock[s] the

4

judicial conscience.'" Ibid. (first alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

When sentencing a defendant for numerous offenses, "such multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence." N.J.S.A. 2C:44-5(a). In State v. Yarbough, 100 N.J. 627, 643-44 (1985), our Supreme Court established criteria that a sentencing court must consider when deciding whether to impose consecutive sentences. Namely, the court must evaluate whether:

>(a) the crimes and their objectives were predominantly independent of each other;
>
>(b) the crimes involved separate acts of violence or threats of violence;
>
>(c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
>
>(d) any of the crimes involved multiple victims; [and]
>
>(e) the convictions for which the sentences are to be imposed are numerous.
>
>[Id. at 644.]

"The Yarbough factors are qualitative, not quantitative; applying them involves more than merely counting the factors favoring each alternative outcome." State

A-1148-22

v. Cuff, 239 N.J. 321, 348 (2019) (citing State v. Molina, 168 N.J. 436, 442-43 (2001); State v. Carey, 168 N.J. 413, 427-28 (2001)).

If a sentencing court fails to explain its decision to impose consecutive sentences, a remand is generally required for the judge to provide an explanation on the record. State v. Miller, 205 N.J. 109, 129 (2011). The Supreme Court has emphasized this principle and explained:

> In sum, while the Code is animated by the overarching goal of ensuring "a predictable degree of uniformity in sentencing," uniformity and predictability should not come at the expense of fairness and proportionality. We reiterate the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on "the fairness of the overall sentence." Toward that end, the sentencing court's explanation of its evaluation of the fairness of the overall sentence is "a necessary feature in any Yarbough analysis."
>
> [State v. Torres, 246 N.J. 246, 270 (2021) (citations omitted).]

As already noted, in aggregate, defendant was sentenced to forty-nine years in prison. On his conviction for murder, defendant was sentenced to forty-five years, subject to NERA. His five-year sentence for possession of a handgun without a permit was run concurrent to his sentence for murder. On his convictions for aggravated assault and theft, defendant was sentenced to four

6

and one year in prison, which run concurrent to each other and consecutive to the other sentences.

In rendering those sentences, the trial court found aggravating factors three (the risk of re-offense), N.J.S.A. 2C:44-1(a)(3), six (prior criminal history), N.J.S.A. 2C:44-1(a)(6), and nine (the need for deterrence), N.J.S.A. 2C:44-1(a)(9). The court explained it was giving "moderate" weight to factor three, "heavy" weight to factor six, and the "greatest" weight to factor nine. Additionally, the court found aggravating factor fourteen (the offense involved an act of domestic violence), N.J.S.A. 2C44-1(a)(14), as it related to the conviction of aggravated assault.

Addressing the mitigating factors, the trial court found factors eight (circumstances of offense unlikely to reoccur), N.J.S.A. 2C:44-1(b)(8), and eleven (imprisonment would impose excessive hardship on defendant's dependents), N.J.S.A. 2C:44-1(b)(11). The court then determined the aggravating factors substantially outweighed the mitigating factors.

The sentencing court also explained its decision to impose consecutive sentences. In doing so, it analyzed the factors outlined in Yarbough. In that regard, the court discussed and considered there were two victims: the murder victim and the victim of the aggravated assault.

7

Defendant first argues the sentencing court erred by according the greatest weight to aggravating factor nine. He contends general deterrence is usually entitled to little weight in sentencing procedures. The sentencing court, however, focused its analysis on specific deterrence, explaining the need to deter defendant from future acts of violence. Indeed, the court did not expressly state it was giving the greatest weight because of general deterrence. Consequently, the record fully supports the sentencing court's finding of aggravating factor nine and we discern no reversible error in the court's weighing of that factor.

We also discern no need for resentencing regarding the consecutive sentences. Defendant was convicted of first-degree murder. He was exposed to a sentence of life imprisonment. See N.J.S.A. 2C:11-3(b)(1). Instead, the court sentenced him to forty-five years in prison subject to NERA. The court appropriately merged another conviction and decided to run the weapons sentence concurrent to the murder sentence. The court then ran defendant's four-year prison term for aggravated assault consecutive to the other sentences. In doing so, the court clearly understood the sentences it was imposing and the overall fairness. While the sentencing court did not expressly use the terms "overall fairness," it articulated the reasons why the sentences were fair and appropriate. See State v. Lebron, ___ N.J. Super. ___ (App. Div. 2026) (slip op.

8

at 38) (holding a "comprehensive analysis of the <u>Yarbough</u> factors and [] an express finding of fairness of the overall sentence" was sufficient despite not using the specific phrase "overall fairness"). Accordingly, we discern no need for resentencing under the principles laid down by the Court in <u>Torres</u>.

Finally, defendant argues he is entitled to resentencing because his theft conviction has been vacated. We are not persuaded by that argument. Defendant's one-year sentence for the theft conviction was run concurrent to his aggravated assault sentence and consecutive to his other sentences. In other words, it did not add any additional prison time. Moreover, in imposing the sentence for theft, the court did not give it special weight relative to the other sentences. So, the record does not show any need for a remand for resentencing on the other convictions. Instead, the judgment of conviction can be amended to eliminate the theft conviction.

The cases cited by defendant in support of his argument for resentencing are not on point. <u>See</u> <u>State v. Espino</u>, 264 N.J. Super. 62, 72 (App. Div. 1993) (explaining "a reviewing court has the power to vacate other sentences imposed by the same judgment" when they are "interdependent with the challenged sentence"); <u>State v. Rodriguez</u>, 97 N.J. 263, 273 (1984) (ordering resentencing for felony murder after vacating defendant's robbery conviction); <u>State v. Sette</u>,

9

259 N.J. Super. 156, 192 (App. Div. 1992) (explaining "a sentence may be restructured" when the vacated sentence was run consecutively as long as defendant is not sentenced to a higher aggregate term).[1]

In summary, defendant's convictions on all crimes except for the theft conviction have been affirmed. We now affirm his sentences and remand for the limited purpose so that the judgment of conviction can be amended to delete the theft conviction.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[1] Defendant also cites several federal cases relying on the "sentencing package doctrine," to support his argument. The federal cases are all distinguishable from this matter. See United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017) (explaining vacatur of one of defendant's seven convictions did not "automatically entitle him to a [sixty] month reduction in his aggregate sentence"); United States v. Fowler, 749 F.3d 1010, 1016-18 (11th Cir. 2014) (holding the court, at its discretion, could "fully revisit," a mandatory consecutive ten-year sentence for felony firearm use following reversal of defendant's witness tampering conviction); see also United States v. Norwood, 49 F.4th 189, 202 (3d Cir. 2022) (holding de novo resentencing was not necessary when defendant's sentence for bank robbery was not "in any way intertwined with his restitution order," which had been vacated). First, we note these cases are persuasive but not binding. See Dewey v. R.J. Reynolds Tobacco Co., 121 N.J. 69, 79-90 (1990) (citing State v. Coleman, 46 N.J. 16, 37 (1965)) (explaining lower federal court decisions are persuasive and not binding on state courts). More to the point, none of these cases entitle a criminal defendant to an automatic resentencing after vacatur of one count of a multicount indictment.

A-1148-22