195 N.J. Super. 114 (1984)
478 A.2d 422
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILFORD GANTT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 16, 1984.
Decided July 5, 1984.
*115 Before Judges MATTHEWS, J.H. COLEMAN and GAULKIN.
Joseph H. Rodriguez, Public Defender, attorney for appellant (Sheri Tanne, Assistant Deputy Public Defender, on the brief).
Irwin I. Kimmelman, Attorney General, attorney for respondent (Robin D. Eckel, Deputy Attorney General, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
*116 Defendant was found guilty by a jury of armed robbery in violation of N.J.S.A. 2C:15-1. For the reasons expressed in his opinion reported at 186 N.J. Super. 262 (1982), Judge Newman invoked N.J.S.A. 2C:43-6c and N.J.S.A. 2C:44-3d to impose an extended term of imprisonment of 25 years with 8 1/3 years of parole ineligibility. See N.J.S.A. 2C:43-7c. On this appeal from the judgment of conviction, defendant urges only that he is not subject to a mandatory sentence under either N.J.S.A. 2C:43-6c or N.J.S.A. 2C:44-3d.

I.
Defendant's conviction rests upon proofs, unchallenged on this appeal, that he and an unidentified man asked Joseph Mann for a ride in his van. As they were driving, the unidentified person told Mann to "Give up your money, brother." Mann asked defendant "what is going on?" and defendant told him "to shut ... up" and give over the money. Mann saw that the unidentified man had "a small handgun in his hand." The man took Mann's wallet from his pocket. Defendant then turned the ignition off and took the key, and he and his cohort fled the vehicle. Neither the handgun nor the unidentified man was ever found.
Defendant acknowledges that the evidence sufficed to establish his guilt of armed robbery. N.J.S.A. 2C:15-1. He also does not dispute Judge Newman's finding that the jury had before it "no testimony to contradict the conclusion that the gun was real." 186 N.J. Super. at 267. However, he argues that mandatory sentences may be imposed under N.J.S.A. 2C:43-6c and N.J.S.A. 2C:44-3d only upon a showing of use or possession of a "firearm as defined in 2C:39-1f" and that the definition of "firearm" requires a showing of operability. Since the handgun here was never proved operable, defendant urges, he was not subject to the mandatory sentences.
*117 The contention is unpersuasive. "Firearm" is defined in N.J.S.A. 2C:39-1f to include "any hand gun, rifle, shotgun, machine gun, automatic or semi-automatic rifle...." "Hand gun," in turn, is defined in N.J.S.A. 2C:39-1k:
`Hand gun' means any pistol, revolver or other firearm originally designed or manufactured to be fired by the use of a single hand.
This definition of "hand gun" does not require any showing of present operability but only that the gun was "originally designed or manufactured" to be operable in a particular manner. Given Judge Newman's finding, not disputed by defendant, that the gun here was "real," the conclusion is unavoidable that it was a "hand gun" within the meaning of N.J.S.A. 2C:39-1k, and thus was a "firearm" as defined in N.J.S.A. 2C:39-1f.
Defendant urges that operability must be proved because the definition of "firearm" also includes:
... any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectible ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances.
This language, we are satisfied, is intended to describe the many kinds of devices which do not have all of the attributes of "real" guns but which have similar characteristics and dangers. Such "firearms" can best, and perhaps only, be described in terms of their operation. But "hand gun," "rifle," "shotgun" and "machine gun" are all specifically defined in N.J.S.A. 2C:39-1 in terms of their design, not their operability. We find no reason to supplement any of those statutory definitions with the descriptive language which brings another kind of "gun, device or instrument" within the statutory definition of "firearm."

II.
Defendant urges that, even if the handgun is a "firearm," he neither used nor possessed it within the meaning of N.J.S.A. 2C:43-6c or N.J.S.A. 2C:44-3d. The contention is without merit.
*118 It is undisputed that the principal "used or was in possession of" a handgun, within the meaning of N.J.S.A. 2C:43-6c, in the course of committing a robbery. Cf. State v. Stewart, 96 N.J. 596 (1984) (slip op. at 2) (determining what constitutes a principal's "possession" under that section). And defendant does not challenge the jury's finding that he was guilty as an accomplice to that armed robbery. N.J.S.A. 2C:15-1b. The question presented here is whether defendant's role as an accomplice subjects him to the same mandatory penalties as a principal.
Although the co-felon held the gun and took the victim's wallet, defendant is "legally accountable" for the conduct of his co-participant (N.J.S.A. 2C:2-6b) because he aided in planning or committing the armed robbery "[w]ith the purpose of promoting or facilitating the commission" of the offense. N.J.S.A. 2C:2-6c(1)(b). Since defendant is thus legally accountable for both the robbery and the use of the firearm, we perceive no reason why he should not be equally subject to the mandatory sentences of N.J.S.A. 2C:43-6c and N.J.S.A. 2C:44-3d.
Those sentences are designed "at the very least, to ensure incarceration for those who arm themselves before going forth to commit crimes." State v. Des Marets, 92 N.J. 62, 68 (1983). The possession of firearms "presents definable dangers" and the mandatory sentences seek to end "the mere presence of guns at the scene of crimes...." Id. at 70. Where accomplices undertake to commit an offense with a firearm, it is surely irrelevant who has physical possession of the weapon. Each is responsible for the danger, each is legally accountable for the offense and each is properly subject to the same penalty. To conclude otherwise would be to subvert the legislative design and to permit penal consequences to turn on mere fortuities.

III.
We therefore hold that (1) neither a hand gun (N.J.S.A. 2C:39-1k), nor a rifle (N.J.S.A. 2C:39-1m), nor a shotgun *119 (N.J.S.A. 2C:39-1n) nor a machine gun (N.J.S.A. 2C:39-1i) need be operable for that weapon to qualify as a firearm within the meaning of N.J.S.A. 2C:39-1f; (2) where an unarmed accomplice is legally accountable for the use or possession of a firearm in committing any offense enumerated in N.J.S.A. 2C:43-6c, he "used" or "was in possession" of the firearm within the meaning of that provision; and (3) where an unarmed accomplice was held legally accountable for the use or possession of a firearm in committing any offense enumerated in N.J.S.A. 2C:44-3d, he "used" or "possessed" the firearm within the meaning of that provision.
The judgment of conviction and order of commitment is affirmed.