879 A.2d 1196 (2005)
379 N.J. Super. 498
STATE of New Jersey, Plaintiff-Respondent,
v.
Jerome YOUNG, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 2004.
Decided August 11, 2005.
*1197 Marcia Blum, Assistant Deputy Public Defender, argued the cause for appellant (Yvonne Smith Segars, Public Defender, attorney; Ms. Blum, of counsel and on the brief).
Debra A. Owens, Deputy Attorney General, argued the cause for respondent (Peter C. Harvey, Attorney General, attorney; Ms. Owens, of counsel and on the brief).
Before Judges STERN, WECKER and GRAVES.
The opinion of the court was delivered by
STERN, P.J.A.D.
Defendant was convicted of burglary and third-degree aggravated assault. On defendant's direct appeal, we vacated defendant's burglary conviction. On remand the trial judge increased the sentence for aggravated assault from five years with two-and-one-half years without parole eligibility *1198 to an extended term nine-year sentence with two-and-one-half years to be served before parole eligibility, the same aggregate sentence that had been imposed before the burglary conviction was reversed. Defendant argues that the revised sentence, including the increased sentence for the aggravated assault, violates his state and federal constitutional double jeopardy and due process rights, and that "this offense and this offender do not warrant a persistent offender discretionary extended term, and the trial court abused its discretion in imposing a nine-year extended term," particularly because the trial judge initially denied the State's application for an extended term. By supplementary letter brief, the defendant further argues that the "imposition of the discretionary offender extended term violated defendant's constitutional rights to trial by jury and due process of law" under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the presumptive term cannot be raised without a required jury fact-finding and that the sentence must be reduced to four years. We conclude that an extended term was appropriately imposed on the remand but we remand again for resentencing in light of State v. Natale, 184 N.J. 458, 878 A.2d 724 (2005) (Natale II).

I.
Defendant was convicted at a jury trial of third degree burglary and third degree aggravated assault. At sentencing, the trial judge denied the State's motion for an extended term sentence under the persistent offender statute, N.J.S.A. 2C:44-3a. The judge concluded that given defendant's criminal record, the statutory predicates for imposing an extended term sentence had been satisfied. However, the judge was "not satisfied that under the circumstances of this particular case that [he] need[ed] [to impose] additional time to protect the public," apparently because of his ability to impose consecutive ordinary term sentences for the two crimes.
The court found these aggravating factors to be applicable: N.J.S.A. 2C:44-1(a)(3), the risk defendant would commit another offense, N.J.S.A. 2C:44-1(a)(6), the extent of defendant's prior record and the seriousness of the crimes of which he was convicted, and N.J.S.A. 2C:44-1(a)(9), the need to deter defendant and others from violating the law. The court also found one mitigating factor, that defendant's imprisonment "would entail excessive hardship to himself or his dependents," N.J.S.A. 2C:44-1b(11), based on the fact that defendant would not be able to support his children. However, the judge was "clearly convinced" that the aggravating factors outweighed the sole mitigating factor, and concluded that, "although defendant qualifies as a persistent offender, the Court has sufficient penal exposure as a result of the conviction [sic] to protect the public." The judge considered "the burglary and the aggravated assault which took place [thereafter] on the street as deserving separate punishments," and imposed a five-year term, with two-and-one-half years without parole, to be served on the aggravated assault conviction, and a consecutive four year term on the burglary conviction. The aggregate term imposed therefore was nine years, with two-and-one-half years to be served without parole.
Defendant appealed to us and, in an unpublished decision, we affirmed the assault conviction, vacated the burglary conviction based on insufficient evidence to sustain the conviction,[1] and "remanded *1199 for entry of an amended judgment of conviction." State v. Young, No. A-5682-00T4 (App.Div. March 6, 2003) (slip op. at 8-10). In addressing defendant's sentence, we were "satisfied the judge's findings on the aggravating and mitigating factors were based on competent and credible evidence in the record ... and [the sentence] does not constitute an abuse of discretion," and because the burglary conviction was vacated noted the possibility that the issue of an extended term could be "revisit[ed]" on the remand. The matter was therefore remanded "for entry of an amended judgment of conviction and any other appropriate proceedings."
The prosecutor thereafter renewed his motion for imposition of an extended term. At defendant's resentencing in May 2003, the trial judge again found that defendant qualified for an extended term sentence because of his status as a persistent offender. He further noted that the "reversal of the burglary count [by this court] undermined [the trial court's] rationale in not imposing the extended term," and concluded that he would impose an extended term even though he had not done so when he first sentenced defendant. He further concluded that a five year sentence for the aggravated assault charge, the ordinary maximum for a third degree crime, was "inadequate to protect the public" and stated that he would have granted the original extended term motion had the assault been the "only" offense before him at that time.
The court then found that the same aggravating and mitigating factors applied, notwithstanding the reversal of defendant's burglary conviction, and that an extended term above the presumptive term of seven years was appropriate based on aggravating factors three, six and nine as previously found, and independent of the convictions which qualified defendant as a persistent offender. Therefore, the judge imposed a nine-year extended term sentence on the third degree aggravated assault conviction. After noting that he was bound by the law not to increase the original parole ineligibility period, the court imposed a parole ineligibility term of two-and-one-half years on the nine year sentence. Accordingly, the same aggregate sentence was imposed on remand. Appropriate fines and penalties were also imposed.

II.
Defendant first asserts that the imposition of a more severe sentence on the assault conviction upon his resentencing violated his constitutional rights. We disagree.
Generally, double jeopardy attaches once a defendant begins to serve a prison term or the sentence is partially executed. See State v. Ryan, 86 N.J. 1, 429 A.2d 332 (1981). Therefore, a defendant who has begun to serve a sentence ordinarily cannot be resentenced to an increased or enhanced term. See, e.g., State v. Espino, 264 N.J.Super. 62, 67, 624 A.2d 27 (App.Div.1993). However, a defendant who appeals an underlying conviction along with the sentence imposed has no legitimate expectation of finality in either. State v. Haliski, 140 N.J. 1, 21, 656 A.2d 1246 (1995) (citing State v. Rodriguez, 97 N.J. 263, 478 A.2d 408 (1984)). Thus, if a defendant's appeal results in a merger of two or more offenses, the defendant can be resentenced without violating the double jeopardy clause of the federal and state constitutions, as long as the new sentence in the aggregate is not in excess of the originally imposed sentence. Rodriguez, supra, 97 N.J. at 277, 478 A.2d 408.
In Rodriguez, the defendant was convicted of several crimes including felony murder and robbery, for which he was given separate sentences. On defendant's *1200 appeal, the felony murder and robbery charges were merged, and the Supreme Court held that double jeopardy principles did not preclude the resentencing of the defendant after he began to serve his sentence. Id. at 265-66, 478 A.2d 408. The Supreme Court noted that because the defendant had appealed the substantive convictions underlying his sentence, he could have no legitimate expectation of finality regarding that sentence. Id. at 271, 478 A.2d 408. The Court further noted that the situation was considerably different from the case in which defendant's original convictions remained unditurbed and only the sentence was altered on appeal. Ibid. Compare State v. Matlack, 49 N.J. 491, 231 A.2d 369, cert. denied, 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967), where the defendant did not successfully attack his underlying convictions, but rather demonstrated that his sentence was "in excess of the statutory maximum." Rodriguez, supra, 97 N.J. at 272, 478 A.2d 408 (citing Matlack, supra, 49 N.J. at 501-02, 231 A.2d 369). The Rodriguez court did "not perceive any unfairness to defendant if he were resentenced... to a term not in excess of that originally imposed." Id. at 273, 478 A.2d 408 (citations omitted). As stated by Justice Handler, Rodriguez "could be resentenced without offending constitutional principles of double jeopardy providing that any new sentence was in accordance with the substantive punishment standards under the New Jersey code of criminal justice and not in excess of the sentence originally imposed." Id. at 277, 478 A.2d 408.[2]See also State v. Crouch, 225 N.J.Super. 100, 107-110, 541 A.2d 1092 (App.Div.1988) (upholding consecutive sentence for the convictions of unmerged assault and robbery after a post-conviction relief court deemed the robbery conviction to constitute second, not first, degree crime).
The principles announced in Rodriguez were extended to include the situation where a defendant successfully challenged the imposition of a consecutive sentence. Espino, supra, 264 N.J.Super. at 68-69, 624 A.2d 27. The defendant's only legitimate expectation of finality was deemed to preclude only an increase of the original aggregate sentence. Id. at 72, 624 A.2d 27.
Espino originally received consecutive sentences aggregating a twenty-year term, ten years to be served without parole, id. at 64-65, 624 A.2d 27, but we concluded that the imposition of a consecutive sentence, with respect to the two most serious offenses, was inappropriate, and therefore remanded for resentencing. Ibid. On remand the defendant was resentenced to an aggregate term of fifteen years, seven-and-one-half years without parole, which was less than his original sentence. Id. at 66, 624 A.2d 27. On his second appeal, defendant argued that Due Process and Double Jeopardy principles were violated because the resentencing court imposed a period of parole ineligibility on a count on which it was not originally imposed, and made the count consecutive to other convictions although it had originally been made to run concurrent. Ibid.
In rejecting Espino's argument on the second appeal, we noted that State v. Rodriguez held that an "increased term for a particular offense may be imposed under some circumstances without violating due process or double jeopardy guarantees," *1201 Espino, supra, 264 N.J.Super. at 67, 624 A.2d 27 (citing Rodriguez, supra, 97 N.J. at 263, 478 A.2d 408). We concluded that:
the essential rationale of Rodriguez extends to a case such as this in which a defendant successfully challenges his sentence on appeal and the case is remanded for resentencing. A defendant who claims that part of his sentence fails to comply with applicable sentencing guidelines has a lack of a legitimate expectation of finality in his sentence similar to a defendant who claims one of his convictions should merge into another. In both situations, the defendant should be aware that the trial court in molding a consecutive sentence "will normally make an overall evaluation of the punishment for the several offenses involved." Consequently, we conclude that a defendant should reasonably expect that if a sentence which is to be served consecutively to other sentences imposed for the same criminal episode is found to be legally deficient, the trial court may reconsider other parts of the overall sentence to assure that defendant receives a proper punishment.
[Id. at 68-69, 478 A.2d 408 (citations and footnote omitted).]
Defendant notes that Rodriguez relates to a merger of offenses on defendant's appeal and Espino relates to defendant's challenge to a sentence implicating the expectation of finality. He suggests that the expectation is different when, as here, the original appeal successfully challenges a conviction and the sentence on the surviving conviction is subsequently increased on remand. Due process values are also implicated. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (prohibiting an increased sentence for a single conviction on remand). Although well stated, we reject the argument.
As developed by the Espino court:
[In] Pennsylvania v. Goldhammer, [474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985)], a defendant convicted of 112 counts of theft and forgery was sentenced to a custodial term of two to five years on one count and probationary or suspended terms on the remaining counts. On appeal, the conviction for which defendant had been sentenced to a custodial term was reversed, but his convictions for some offenses for which he had received suspended sentences were affirmed. The Supreme Court held that resentencing defendant to a custodial term for the offenses affirmed on appeal would not violate the Double Jeopardy Clause, noting that "the decisions of this Court `clearly establish that a sentenc[ing in a noncapital case] does not have the qualities of constitutional finality that attend an acquittal.'" Id., 474 U.S. at 30, 106 S.Ct. at 353-54, 88 L.Ed.2d at 186 (quoting United States v. DiFrancesco, 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328, 344 (1980)).
In United States v. Pimienta-Redondo, supra, 874 F.2d 9 [(1st Cir.), cert. denied, 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989)], the defendant was convicted of two drug offenses arising out [of] the same activity and received consecutive sentences of five years for each offense, for an aggregate term of ten years. On appeal, the court reversed one conviction, and subsequently the trial court resentenced the defendant to a ten year sentence for the surviving conviction. The First Circuit held that this increased sentence did not violate defendant's rights under either the Due Process or Double Jeopardy Clauses.
[264 N.J.Super. at 70, 624 A.2d 27.]
In Espino we noted that when the conviction on one or more counts is vacated on *1202 appeal, the sentencing court should be able to review what remains of its original sentence plan and to reconstruct the sentence to ensure that the punishment fits both the crime and the criminal. Id. at 70-71, 624 A.2d 27 (citing Pimienta-Redondo, supra, 874 F.2d at 14). We concluded, as we do now, that the defendant's resentencing did not violate his double jeopardy rights, since the defendant's only expectation was that his original aggregate sentence would not be increased. Id. at 72, 624 A.2d 27. The fact that the resentence was not greater than the original sentence also satisfies the legitimate due process-vindictiveness concern that flows from defendant's original appeal. Id. at 73, 624 A.2d 27. See also Pearce, supra, 395 U.S. at 725, 89 S.Ct. at 2080, 23 L.Ed.2d at 669.
After defendant's burglary conviction was reversed, he was resentenced to the same aggregate term. Thus, although the sentence on the assault conviction was increased, there was no double jeopardy or due process violation since the overall sentence remained the same. Significantly, in this case the trial judge, in imposing the original sentence, clearly indicated that he would have imposed an extended term but for his ability to impose a consecutive sentence. Cf. State v. Womack, 206 N.J.Super. 564, 503 A.2d 352 (App.Div.1985), certif. denied, 103 N.J. 482, 511 A.2d 658 (1986) (imposition of ineligibility term). See also Monge v. California, 524 U.S. 721, 728, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615, 623-24 (1998), where the Court noted that the persistent offender status should not "be viewed as either a new jeopardy or additional penalty for the earlier `crimes' but as a stiffened penalty for the latest crime ..." (quoting Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948)).

III.
Defendant now argues that the extended term and the sentence above the presumptive seven-year extended term is illegal under Blakely, supra, 542 U.S. 296, 124 S.Ct. at 2531, 159 L.Ed.2d at 403, because it was premised on fact-finding by a judge and not by a jury as required.
As is now well known, Blakely held:
Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. [Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2536, 159 L.Ed.2d at 412 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435, 455 (2000)).]
The Blakely Court also stated "that our precedents make clear ... that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant...." Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2537, 159 L.Ed.2d at 413-14. See also Natale II, supra; State v. Abdullah, 184 N.J. 497, 878 A.2d 746 (2005); State v. Franklin, 184 N.J. 516, 878 A.2d 757 (2005).
We adhere to our prior holdings that the "prior conviction" exception permits imposition of an extended term under the persistent offender statute, N.J.S.A. 2C:44-3a. See State v. McMillan, 373 N.J.Super. 27, 860 A.2d 484 (App.Div. 2004), certif. denied, 182 N.J. 628, 868 A.2d 1031 (2005); State v. Dixon, 346 N.J.Super. 126, 139-41, 787 A.2d 211 (App. Div.2001), certif. denied, 172 N.J. 181, 796 A.2d 898 (2002). See also State v. Vasquez, 374 N.J.Super. 252, 864 A.2d 409 (App.Div.2005). N.J.S.A. 2C:44-3a is clearly a recidivism statute and the judicial fact-finding thereunder is based on the "prior conviction" exception. See Almendarez-Torres v. United States, 523 U.S. *1203 224, 243-47, 118 S.Ct. 1219, 1230-33, 140 L.Ed.2d 350 (1998) (recidivism not an "element" of offense); Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (relating to type of evidence which can be considered by a judge in determining elements of prior conviction admitted by defendant for purposes of imposition of an enhanced sentence under Armed Career Criminal Act); United States v. Blake, 415 F.3d 625, 629 (7th Cir. July 11, 2005); Brown v. Greiner, 409 F.3d 523 (2d Cir.2005).[3]
In State v. Franklin, supra, the Supreme Court held that "the second-offender provision of the Graves Act removed from the jury's consideration a critical fact-whether defendant was armed" with a firearm id. at 534, 878 A.2d 757, and that "[t]he judge's finding that defendant possessed or used a gun in the commission of the crime resulted in the imposition of a sentence beyond the range authorized by the jury verdict in violation of the Sixth Amendment and Fourteenth Amendment." Ibid.[4] However, the Court added "[h]ad the jury found that defendant used or possessed the gun while committing manslaughter, there is no question that the extended term imposed by the sentencing court would have complied with the Sixth Amendment." Id. at 535, 878 A.2d 757, citing Apprendi, supra, 530 U.S. at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d at 455. See also id. at 538, n. 8, 878 A.2d 757; Abdullah, 184 N.J. at 506-07, 878 A.2d 746, both citing Almendarez-Torres v. United States, supra, 523 U.S. at 243, 118 S.Ct. at 1230, 140 L.Ed.2d at 368. This is because of the "prior conviction" exception on which the recidivism statute is premised and because "the factual prerequisite[s]" fall "squarely within the range of facts traditionally found by judges at sentencing" and are "sufficiently interwoven with the facts" related to the prior convictions. Dixon, supra, 346 N.J.Super. at 140-41, 787 A.2d 211. See also Almendarez-Torres v. United States, supra, 523 U.S. at 243, 118 S.Ct. at 1230, 140 L.Ed.2d at 368; Shepard v. United States, supra.
However, here the remand court imposed both a discretionary extended term sentence under N.J.S.A. 2C:44-3a[5] *1204 and a sentence above the presumptive extended term. An extended term for a persistent offender may be imposed for a first, second or third degree crime if defendant was twenty-one years or older at the time of offense and
has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.
[N.J.S.A. 2C:44-3a.]
A third degree extended sentence "shall have a presumptive term of seven years' imprisonment," N.J.S.A. 2C:44-1(f)(1); see also N.J.S.A. 2C:43-7a(4), and under the statute an extended term sentence can be shorter or longer than the presumptive term based on the court's weighing of the aggravating and mitigating factors, N.J.S.A. 2C:44-1(a) and (b); N.J.S.A. 2C:44-1(f). Moreover, N.J.S.A. 2C:43-7(b) authorizes a court to impose a period of parole ineligibility as part of an extended term sentence, not to exceed one-half of the length of that sentence.
In imposing an extended term sentence for a persistent offender, a court must engage in a "multi-step process." State v. Dunbar, 108 N.J. 80, 88-89, 527 A.2d 1346 (1987).
First, the sentencing court must determine whether the minimum statutory predicates for subjecting the defendant to an extended term have been met. Second, the court must determine whether to impose an extended sentence. Third, it must weigh the aggravating and mitigating circumstances to determine the base term of the extended sentence. Finally, it must determine whether to impose a period of parole ineligibility.
[Id. at 89, 527 A.2d 1346.]
Accord State v. Cook, 330 N.J.Super. 395, 420-21, 750 A.2d 91 (App.Div.), certif. denied, 165 N.J. 486, 758 A.2d 646 (2000); State v. Candelaria, 311 N.J.Super. 437, 451-52, 710 A.2d 545 (App.Div.), certif. denied, 155 N.J. 587, 715 A.2d 990 (1998).
"The standard for determining whether to impose an extended sentence upon an eligible defendant is whether it is necessary for the protection of the public from future offenses by defendant through deterrence." State v. Pennington, 154 N.J. 344, 354, 712 A.2d 1133 (1998) (citing Dunbar, supra, 108 N.J. at 90-91, 527 A.2d 1346); Cook, supra, 330 N.J.Super. at 421, 750 A.2d 91. "When a defendant is eligible for an extended term based on his status as a persistent offender, the need for deterrence is enhanced." Pennington, supra, 154 N.J. at 354, 712 A.2d 1133. Moreover, the record is relevant to the question of parole ineligibility. Dunbar, supra, 108 N.J. at 94, 527 A.2d 1346. However, "the severity of the sentence imposed should be controlled by the conduct that is the occasion for that sentence." State v. Burton, 309 N.J.Super. 280, 291, 706 A.2d 1181 (App.Div.), certif. denied, 156 N.J. 407, 719 A.2d 639 (1998). Accord, Cook, supra, 330 N.J.Super. at 421, 750 A.2d 91. See also State v. Megargel, 143 N.J. 484, 493-94, 673 A.2d 259 (1996); State v. Roth, 95 N.J. 334, 365-66, 471 A.2d 370 (1984), regarding our scope of review. To that end, in Dunbar, supra, 108 N.J. at 91-92, 527 A.2d 1346, our Supreme Court emphasized that
[the] defendant's prior record of conviction has been taken into account in deciding whether to impose an extended term and presumably would not have the same qualitative weight in grading the range of the extended sentence. But other aspects of the defendant's record, which are not among the minimal *1205 conditions for determining persistent offender status, such as a juvenile record, parole or probation records, and overall response to prior attempts at rehabilitation, will be relevant factors in adjusting the base extended term. Nonetheless, the primary focus will be on the conduct that occasions the sentence.
See also State v. Byard, 328 N.J.Super. 106, 115-16, 744 A.2d 1213 (App.Div.), certif. denied, 165 N.J. 490, 758 A.2d 649 (2000).
The record reflects that as a juvenile defendant was charged with two acts of delinquency, and that between August 1987 and December 1988 was charged as an adult with matters disposed of by penalties or fines in municipal court. In April 1989 he was placed on probation in the Superior Court for escape. In October 1989 he received simultaneous sentences for criminal trespass, burglary and aggravated sexual assault based on separate incidents.[6] In November 2000, he was convicted of failing to register after his sexual assault conviction. But the failure to register conviction was entered after this offense occurred, and defendant had been sentenced for indictable convictions only twice, that is on two separate occasions before this crime was committed.[7]
We vacate the specific extended term sentence imposed and remand for the imposition of an extended term sentence consistent with Natale II.
In Natale II the Supreme Court stated that, under our Code of Criminal Justice, "before any judicial fact finding, the maximum sentence that can be imposed on a jury verdict or guilty plea is the presumptive term," and therefore "the `statutory maximum' for Blakely and Booker purposes is the presumptive sentence." Natale II, supra, at 484, 878 A.2d 724. See also Abdullah, supra, 184 N.J. 497 at 505, 878 A.2d 746 (citing Natale II, supra, 184 N.J. at 484, 878 A.2d 724).[8] The Court therefore "eliminat[ed] the presumptive terms" creating the "`statutory maximum' authorized by the jury verdict or the facts admitted by a defendant at his guilty plea [as] the top of the sentencing range for the crime charged." Natale II, supra, 184 N.J. at 487, 878 A.2d 724. We do the same for extended term sentences embodied in N.J.S.A. 2C:43-7. See also N.J.S.A. 44-1f(1).
In Natale II, the Court further held:
As a result of today's decision, we will order a new sentencing hearing in each affected case based on the record at the prior sentencing. At the new hearing, the trial court must determine whether the absence of the presumptive term in the weighing process requires the imposition of a different sentence. The court should not make new findings concerning the quantity or quality of aggravating and mitigating factors previously found. Those determinations remain untouched by this decision. Because the new hearing will be based on the original sentencing record, any defendant challenging his sentence on Blakely *1206 grounds will not be subject to a sentence greater than the one already imposed. [Natale II, supra, 184 N.J. at 495-96, 878 A.2d 724.]
See also Abdullah, supra, 184 N.J. at 505-07, 878 A.2d 746.
We remand for similar proceedings in this case. On the remand, the sentencing judge shall follow the dictates of Natale II and Abdullah in fixing the specific term of the extended sentence. The judge may also consider imposition of a parole ineligibility term. Abdullah, supra, 184 N.J. at 511-12, 878 A.2d 746; N.J.S.A. 2C:43-7b. The sentence shall be subject to the aggregate sentence originally imposed.
The matter is remanded for further proceedings consistent with this opinion.
NOTES
[1] We concluded that defendant had permission to be in the apartment where he had been living with the victim of the assault and others, and that "the conviction for burglary is not supported by the evidence."
[2] As to the co-extensive nature of the state and federal double jeopardy principles regarding multiple punishment, see State v. Churchdale Leasing, Inc., 115 N.J. 83, 107, 557 A.2d 277 (1989); State v. DeLuca, 108 N.J. 98, 101-02, 527 A.2d 1355, cert. denied, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); State v. Barnes, 84 N.J. 362, 369-370, 420 A.2d 303 (1980).
[3] In a supplemental letter, defendant relies on Shepard as narrowing the types of fact-finding a judge can make, but recognizes that some judicial fact-finding is constitutionally permissible to sustain an enhanced sentence under a recidivist statute. We find the fact-finding implicated by our persistent offender statute is constitutionally permissible.
[4] As the Court explained, "the jury was not asked whether defendant used or possessed a gun in killing" the victim. Franklin, supra, 184 N.J. at 536, 878 A.2d 757. The Court also held that "N.J.S.A. 2C:43-6(d) no longer will empower judges to decide whether a defendant possessed or used a gun in second-offender cases" and that "[i]n the future, if the State intends to seek an extended term under the Graves Act, it must obtain an indictment charging possession or use of the gun in the commission of one of the designated crimes and then submit the charge to the jury." Id. at 539-40, 878 A.2d 757. Here there is no claim of entitlement to indictment, and, in any event, we deal with a recidivism statute, not fact-finding relating to the underlying crime. See also id. at 538, 878 A.2d 757; Almendarez-Torres v. United States, 523 U.S. 224, 243, 118 S.Ct. 1219, 1230-31, 140 L.Ed.2d 350, 368 (1998); State v. Johnson, 166 N.J. 523, n. 2, 766 A.2d 1126 (2001); State v. Washington, 47 N.J. 244, 248-50, 220 A.2d 185 (1966); State v. Gantt, 186 N.J.Super. 262, 271-72, 452 A.2d 477 (Law Div. 1982), aff'd, 195 N.J.Super. 114, 478 A.2d 422 (App.Div.1984), aff'd, 101 N.J. 573, 503 A.2d 849 (1986).
[5] No argument is presented to us that mandatory and discretionary extended terms should be treated differently for Sixth Amendment purposes. N.J.S.A. 2C:44-3a uses the word "may" in terms of the judge's right to impose an extended term if the statutory criteria are satisfied.
[6] Defendant apparently received a fifteen-year sentence for the aggravated sexual assault and "maxed out" only six months or so before committing the present offense.
[7] The convictions do not have to be entered before the commission of the crime under review to qualify for persistent offender status. See Haliski, supra, 140 N.J. at 11, 656 A.2d 1246; Cook, supra, 330 N.J.Super. at 421-22, 750 A.2d 91; State v. Mangrella, 214 N.J.Super. 437, 445, 519 A.2d 926 (App.Div. 1986), certif. denied, 107 N.J. 127, 526 A.2d 194 (1987).
[8] We recognize that the Supreme Court has suggested "that aggravating factors (3), (6) and (9) related to [a] defendant's prior convictions" might be "the basis for increasing defendant's sentence above" what had been the presumptive term. Abdullah, supra, 184 N.J. at 506, n. 2, 878 A.2d 746.