952 A.2d 1122 (2008)
402 N.J. Super. 110
STATE of New Jersey, Plaintiff-Respondent,
v.
Michael A. COOPER, Defendant-Appellant.
No. A-1066-06T4
Superior Court of New Jersey, Appellate Division.
Submitted May 5, 2008.
Decided August 6, 2008.
*1123 Yvonne Smith Segars, Public Defender, attorney for appellant (Daniel McNerney, Designated Counsel, on the brief).
John L. Molinelli, Bergen County Prosecutor, attorney for respondent (John J. Scaliti, Assistant Prosecutor, of counsel and on the brief).
Before Judges STERN, C.S. FISHER, and KESTIN.
The opinion of the court was delivered by
STERN, P.J.A.D.
Following a jury trial, defendant originally received a fifteen-year sentence to the custody of the Department of Corrections with an 85% parole ineligibility term under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for first-degree aggravated sexual assault. He received a concurrent four-year term on a conviction for endangering the welfare of a minor, N.J.S.A. 2C:24-4a, and a consecutive seven-year term for burglary, N.J.S.A. 2C:18-2. On defendant's direct appeal, his convictions were affirmed, but we found "there was no acceptable basis for the consecutive sentence [for] burglary," vacated *1124 that sentence and remanded for resentencing. With respect to the remand we said:
At such sentencing, the court is free to reevaluate its sentence on count two, which seems to have been tailored in contemplation of the consecutive burglary sentence. In that regard, we have held that where a defendant successfully challenges a sentence on appeal, "the component parts of an aggregate sentence may be restructured upon resentencing without violating the defendant's due process or double jeopardy rights," State v. Espino, 264 N.J.Super. 62, 624 A.2d 27 (App.Div.1993), "so long as the aggregate term of imprisonment is not increased." Ibid. (quoting State v. Bowen, 224 N.J.Super. 263, 276, 540 A.2d 218 (App.Div.1988)). As noted, the court's findings would have justified a sentence above the presumptive on count two. We do not suggest, much less require, that the count two sentence be changed, particularly given the applicability of NERA. That decision rests within the sound judgment of the resentencing court.
On the remand, defendant received a seventeen-year sentence in the custody of the Department of Corrections with the 85% NERA ineligibility term for the aggravated sexual assault, and concurrent terms on the other convictions. The ineligibility term on the new sentence is approximately one-and-three-quarters-years longer than the original NERA term. The judge relied on defendant's prior New York conditional discharges as the basis for finding aggravating factors to increase the sentence from the presumptive term of 15 years to the 17-year term defendant received on resentencing.
On defendant's subsequent appeal, we again remanded for resentencing because of the decision in State v. Natale, 184 N.J. 458, 878 A.2d 724 (2005); and, in light of the judge's findings regarding the aggravating factors, we directed the judge to consider whether the defendant's record, which consisted of conditional discharges in New York, could be deemed to include "prior convictions" for purposes of sentence review because of the "prior conviction" exception to the requirements of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). See also State v. Thomas, 188 N.J. 137, 153, 902 A.2d 1185 (2006) ("judicial fact-finding must be limited to the finding of the existence of [a] prior conviction"). On the second remand the judge reimposed the same 17-year sentence with an 85% parole-ineligibility term under NERA.
On this appeal, defendant argues that the judge knew of the three New York conditional discharges when he first sentenced defendant (although their relevance was less significant before Natale and the vacation of the consecutive sentence after which he increased the former presumptive term), and that defendant was denied due process because he was penalized for taking his appeal which resulted in a sentence increase. With respect to the latter, he argues "the trial court violated North Carolina v. Pearce by increasing the defendant's sentence for aggravated sexual assault." North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), is a due process case which held that a sentence may not be increased after a successful appeal and retrial unless based on facts found to have occurred since the first sentence was imposed. In addition to due process factors, the double jeopardy doctrine must be considered.
Generally, double jeopardy attaches once a defendant begins to serve a prison term or the sentence is partially executed. See State v. Ryan, 86 N.J. 1, 429 *1125 A.2d 332 (1981). Therefore, a defendant who has begun to serve a sentence ordinarily cannot be resentenced to an increased or enhanced term. See, e.g., State v. Espino, 264 N.J.Super. 62, 67, 624 A.2d 27 (App.Div.1993). However, a defendant who appeals an underlying conviction along with the sentence imposed has no legitimate expectation of finality in either. State v. Haliski, 140 N.J. 1, 21, 656 A.2d 1246 (1995) (citing State v. Rodriguez, 97 N.J. 263, 478 A.2d 408 (1984)). Thus, if a defendant's appeal results in a merger of two or more offenses, the defendant can be resentenced without violating the double jeopardy clause of the federal and state constitutions, as long as the new sentence in the aggregate is not in excess of the originally imposed sentence. Rodriguez, supra, 97 N.J. at 277, 478 A.2d 408.
In Rodriguez, the defendant was convicted of several crimes including felony murder and robbery, for which he was given separate sentences. On defendant's appeal, the felony murder and robbery charges were merged, and the Supreme Court held that double jeopardy principles did not preclude the resentencing of the defendant after he began to serve his sentence. Id. at 265-66, 478 A.2d 408. The Supreme Court noted that because the defendant had appealed the substantive convictions underlying his sentence, he could have no legitimate expectation of finality regarding that sentence. Id. at 271, 478 A.2d 408. The Court further noted that the situation was considerably different from the case in which defendant's original convictions remained undisturbed and only the sentence was altered on appeal. Ibid. Compare State v. Matlack, 49 N.J. 491, 231 A.2d 369, cert. denied, 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967), where the defendant did not successfully attack his underlying convictions, but rather demonstrated that his sentence was "in excess of the statutory maximum." Rodriguez, supra, 97 N.J. at 272, 478 A.2d 408 (citing Matlack, supra, 49 N.J. at 501-02, 231 A.2d 369). The Rodriguez court did "not perceive any unfairness to defendant if he were resentenced... to a term not in excess of that originally imposed." Id. at 273, 478 A.2d 408 (citations omitted). As stated by Justice Handler, Rodriguez "could be resentenced without offending constitutional principles of double jeopardy providing that any new sentence was in accordance with the substantive punishment standards under the New Jersey code of criminal justice and not in excess of the sentence originally imposed." Id. at 277, 478 A.2d 408. See also State v. Crouch, 225 N.J.Super. 100, 107-110, 541 A.2d 1092 (App.Div.1988) (upholding consecutive sentence for the convictions of unmerged assault and robbery after a post-conviction relief court deemed the robbery conviction to constitute second, not first, degree crime).
The principles announced in Rodriguez were extended to include the situation where a defendant successfully challenged the imposition of a consecutive sentence. Espino, supra, 264 N.J.Super. at 68-69, 624 A.2d 27. The defendant's only legitimate expectation of finality was deemed to preclude only an increase of the original aggregate sentence. Id. at 72, 624 A.2d 27.
[State v. Young, 379 N.J.Super. 498, 505-06, 879 A.2d 1196 (App.Div.), certif. granted and remanded, 188 N.J. 349, 907 A.2d 1010 (2006) (footnote omitted).]
Defendant's initial appeal was from the conviction as well as the sentence, and the issue before us is whether an acceptable increase of the specific term consistent with Rodriguez, Espino, and Young can be sustained when the aggregate parole ineligibility *1126 is also increased. See also State v. Thomas, 188 N.J. 137, 902 A.2d 1185 (2008).[1]
Certainly, imposition of an ineligibility term has not been deemed subject to the jury fact finding requirement of the Sixth Amendment. See, e.g., McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); State v. Abdullah, 184 N.J. 497, 878 A.2d 746 (2005). Due process and double jeopardy concerns are different, and as we recently said in State v. Fortin, 400 N.J.Super. 434, 446, n. 4, 948 A.2d 160 (App.Div.), leave to appeal granted, 160 N.J. 86, 733 A.2d 492 (2008):
We know that the quantum of the parole ineligibility term is irrelevant in terms of the sentence maximum for purposes of the Sixth Amendment. See Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); [... ] State v. Abdullah, 184 N.J. 497, 509-10, 878 A.2d 746 (2005). We have not yet decided if a period of parole ineligibility can be increased if the aggregate sentence is not increased incident to resentencing upon reversal of a conviction or merger of offenses on appeal and the only surviving offense is subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. See, generally, State v. Rodriguez, 97 N.J. 263, 478 A.2d 408 (1984); State v. Young, 379 N.J.Super. 498, 879 A.2d 1196 (App.Div. 2005), remanded on other grounds, 188 N.J. 269, 905 A.2d 878 (2006). In Lindsey [v. Washington], [] 301 U.S. [397,] [] 401, 57 S.Ct. [797,] 799, 81 L.Ed. [1182,] 1186 (1937), the [United States Supreme] Court found the revision of a statute that provided for a maximum and minimum punishment, by making the maximum sentence compulsory, could not be applied to the defendant without violating the ex post facto clause. It did not address the minimum.
We need not delve into constitutional principles at length because in New Jersey it is fundamental that "the basic sentencing issue is always the real time defendant must serve, and we have always recognized that real time is the realistic and practical measure of the punishment imposed." State v. Mosley, 335 N.J.Super. 144, 157, 761 A.2d 130 (App.Div.2000), certif. denied, 167 N.J. 633, 772 A.2d 934 (2001). Mosley stated, pre-Blakely, that "an absolute prerequisite to NERA sentencing is defendant's conviction, either by jury or by guilty plea, of a crime, one of whose elements is a counterpart to or inclusive of a NERA predicate fact." Id. at 159, 761 A.2d 130. We held that the NERA prerequisite could not be found, by a preponderance of the evidence at a post-verdict or post-plea hearing, even though "the severe parole ineligibility consequence of a NERA sentence is not by itself enough to trigger the constitutional protections of the Sixth and Fourteenth Amendments." Id. at 157, 761 A.2d 130. See also State v. Marinez, 370 N.J.Super. 49, 58, 850 A.2d 553 (App.Div.), certif. denied, *1127 182 N.J. 142, 861 A.2d 846 (2004) ("we must ... be mindful of the real-time consequences of NERA and the role that it customarily plays in the fashioning of an appropriate sentence").
We will assume, without deciding, that there is no federal double jeopardy or due process violation by an increase of the NERA ineligibility term in this case, and certainly no "vindictiveness" for purposes of North Carolina v. Pearce. However, if the increased sentence on the aggravated sexual assault conviction results in the increase of the aggregate period of parole ineligibility and real time to be served before parole eligibility, the specific term may not be increased above the term which would produce the same period of parole ineligibility as the original sentence.
Before us, the parties essentially debate general principles of law and focus on the specific term sentence increase. They do not address whether the aggregate period before parole eligibility has been increased by virtue of the increase of the specific term of fifteen years to seventeen years with NERA to apply, as compared with the original aggregate sentence of fifteen years with NERA to apply and a consecutive seven-year sentence. The parties should develop this subject on remand. See, e.g., N.J.S.A. 2C:44-5e, N.J.S.A. 30:4-123.51. The original period before parole eligibility cannot be increased, and the new specific term sentence for aggravated sexual assault cannot result in a specific term 85% of which is greater than the original period of ineligibility.
The matter is remanded for further proceedings consistent herewith.
NOTES
[1] In State v. Thomas, after the Supreme Court reinstated defendant's robbery conviction, affirmed his other convictions and remanded to us, we remanded for reconsideration of defendant's sentence which aggregated 28 years with 13.5 years of parole ineligibility. The trial judge modified the sentence resulting in an aggregate sentence of 16 years with 13.6 years of parole ineligibility. Id. at 434, 902 A.2d 1185. After rejecting defendant's double jeopardy claim based on partial execution of the sentence, the Supreme Court remanded to the trial court for resentencing, noting that the trial judge had imposed the extended term on the robbery conviction which carried a NERA ineligibility term, even though the State had asked for the extended term on the eluding conviction. The Supreme Court required the trial judge to address that issue. Id. at 437, 902 A.2d 1185. The Court did not have to address the issue developed herein in light of what was ultimately before it.