NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0520-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT J. KOSCH, JR.,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

March 12, 2019

APPELLATE DIVISION

Submitted February 5, 2019 – Decided March 12, 2019

Before Judges Fisher, Hoffman and Firko.

On appeal from Superior Court of New Jersey, Law Division, Sussex County, Indictment Nos. 13-05-0187 and 13-05-0188.

Robert J. Kosch, Jr., appellant pro se.

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Paula C. Jordao, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

This is the third time this matter has come before us. The first time, we reversed defendant's three convictions for the theft of immovable property; we

remanded those counts for a new trial and left standing his other six convictions. State v. Kosch, 444 N.J. Super. 368 (App. Div.), certif. denied, 227 N.J. 369 (2016). Our mandate clearly precluded resentencing without a final disposition of the three theft-of-immovable-property counts, yet the trial judge simply shelved those counts and resentenced defendant on the other six convictions to the same aggregate sentence. So, when defendant appealed for the second time, we vacated that new judgment of conviction and remanded for a final disposition of the shelved counts. State v. Kosch, 454 N.J. Super. 440 (App. Div. 2018). The State then voluntarily dismissed the three theft-of-immovable-property counts, and the judge again resentenced defendant to the same aggregate sentence originally imposed.

Defendant appeals and argues, among other things, that the judge: (1) by "reviving" a dismissed count, imposed the same aggregate sentence and thereby violated his double jeopardy and due process rights; (2) imposed an extended fifteen-year term on a conviction for which he previously sentenced defendant to a seven-year prison term, thereby violating double jeopardy and due process principles; and (3) imposed an excessive sentence. We reject the first two of these arguments, but, on consideration of the third, we remand for further proceedings.

2

I

The factual circumstances, as well as many of the procedural events in this convoluted matter, are explained in our earlier reported decisions and need not be repeated here. We only briefly traverse some of that well-trodden ground to explain why defendant's argument about a "revived" dismissed count is without merit.

A

Defendant was charged with committing numerous offenses described in two indictments: 13-05-0187 and 13-05-0188, which we will refer to as 187 and 188. To be precise, 187 and 188 each contained ten counts. In 2014, defendant was tried on eleven of those twenty counts: all of 188's ten counts and one of 187's. As we observed in Kosch I, the one count from 187 that was part of the trial was 187's tenth count, which, to confuse the reader further, was designated at trial as "count eleven." 444 N.J. Super. at 377.

The jury convicted defendant of seven of 188's counts, as well as that single count from 187. At sentencing, the judge imposed prison terms on the seven counts from 188 for the following periods of time:

- count one (second-degree theft of immovable property): fifteen years, subject to a six-year period of parole ineligibility

A-0520-18T1

- count two (third-degree forgery): five years

- count six (second-degree theft of immovable property): eight years

- count seven (third-degree theft of movable property): five years

- count eight (third-degree theft of immovable property): five years

- count nine (third-degree theft of movable property): five years

- count ten (third-degree forgery): five years

The judge also imposed on "count eleven" – again, 187's tenth count, which charged second-degree trafficking in items containing personal identifying information, N.J.S.A. 2C:21-17.3 – a seven-year prison term.

What we referred to in Kosch I as "the first group" of convictions – counts one, six, eight and eleven – were ordered to run concurrently with each other, and the convictions in "the second group" – counts two, seven, nine and ten – were ordered to run concurrently with each other. 444 N.J. Super. at 377. The concurrent terms of the first group, however, were ordered to run consecutively to the collection of concurrent terms in the second group. Ibid. This produced an aggregate twenty-year prison term with a six-year period of parole ineligibility. Ibid.

Our decision in <u>Kosch I</u> reversed the theft-of-immovable-property convictions: counts one, six, and eight, which were all part of the first group. Of that group, count one carried the lengthiest term, indeed, the only extended term and the only term subject to a period of parole ineligibility of all defendant's convictions. With the State's voluntary dismissal of counts one, six, and eight, the only remaining conviction in the first group of convictions is count eleven, which, as we have noted, was the only count of 187 that was adjudicated. That is why defendant's argument about this so-called "revived count" is meaningful. Without a conviction on count eleven, no convictions would be left in the first group, and defendant would be left to serve – absent further alteration through resentencing – the concurrent prison terms imposed on the second group, which amount to five years: a prison term that defendant may have by now completed.

B

With these convoluted circumstances in mind, we consider defendant's contentions about the "revived" count, 187's tenth count, which we have referred to as count eleven. The centerpiece of this argument is an order entered by the trial judge on April 6, 2015, well after both the trial, which occurred in September and October 2014, and the sentencing proceeding, which occurred in

5

December 2014. The April 6, 2015 order granted "defendant's motion for dismissal of [187] with prejudice." The judge noted at the bottom of the order that defendant's motion for prosecutorial misconduct was unopposed. The record on appeal also reveals that a month later – on May 5, 2015 – the judge signed an order rescinding the April 6, 2015 order:

> ORDERED, that the previous order dated April 6, 2015 which erroneously states that defendant's motion to dismiss the indictment with prejudice is "GRANTED," be amended to accurately reflect the record below and defendant's motion to dismiss the indictment with prejudice is DENIED.

There are a number of reasons for rejecting the importance defendant attributes to the April 6, 2015 order. First, as we have mentioned, the judge realized it was mistakenly entered soon after. Second, to the extent defendant argues that the April 6, 2015 order was the product of a reasoned disposition and not a mere mistake, defendant had by that time already been convicted on the only count from 187 that was tried; the idea that the judge would grant a motion to dismiss the indictment that already produced a conviction and intended that order to eviscerate the jury's determination on that count seems preposterous. And, in any event, defendant initiated his appeal three months before the April

6

6, 2015 order,[1] so the judge was without jurisdiction to do anything about a count of that indictment that was adjudicated by way of the judgment under review in this court.  R. 2:9-1(a).

Unlike State v. Blacknall, 288 N.J. Super. 466 (App. Div. 1995), aff'd o.b., 143 N.J. 419 (1996), on which defendant chiefly relies, the April 6, 2015 order – in light of the May 5, 2015 order – constitutes neither an acquittal nor its equivalent.  In Blacknall, although mistaken, a trial judge dismissed a first-degree kidnapping charge at the close of the State's presentation of its evidence, but later, near the end of defendant's direct testimony, the judge realized his error and allowed the jury to consider the first-degree kidnapping charge, on which the jury eventually convicted.  Id. at 470-71.  A divided panel concluded, and the Supreme Court agreed, that jeopardy attached to the kidnapping charge even though the judge erred when he initially granted defendant's motion.  Id. at 476.  Whether jeopardy attaches turns on whether, whatever the "form," the judge's actions constitute an acquittal.  State v. Barnes, 84 N.J. 362, 371 (1980).  The trial judge's grant of defendant's motion to dismiss at the close of the State's case in Blacknall clearly represented an acquittal on the kidnapping charge and precluded its consideration by the jury.  Blacknall, 288 N.J. Super. at 476.

---

[1]  Defendant filed his notice of appeal on January 5, 2015.

A-0520-18T1

Defendant is not similarly situated. He had already been convicted on 187's tenth count – the so-called count eleven – so that the later mistaken order dismissing the entire indictment, which was readily rescinded, could not rationally be viewed as a "resolution, correct or not, of some or all of the factual elements of the offense charged." United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977); see also Barnes, 84 N.J. at 371; Blacknall, 288 N.J. Super. at 472. Moreover, the mistaken order dismissing 187 was entered at a time when defendant's direct appeal was pending, so the judge lacked jurisdiction to enter such an order, R. 2:9-1(a), and, by the same token, defendant could not have reasonably relied on its legitimacy or claim prejudice in its absence.

## II

Defendant also claims the aggregate sentence imposed after our second remand and after the dismissal of the three theft-of-immovable-property counts violates double jeopardy and due process principles.

The judge entered a judgment that imposed the same aggregate sentence by ordering a fifteen-year extended term, with a six-year period of parole ineligibility, on the so-called count eleven, on which he had previously imposed

only a seven-year term.  The judgment of conviction under review now contains prison terms of the following lengths:

- count two: five years

- count seven: five years

- count nine: five years

- count ten: five years

- count eleven: fifteen years, subject to a six-year period of parole ineligibility

The prison terms imposed on counts two, seven, nine and ten were ordered to run concurrently with each other but consecutively to the term imposed on count eleven.  In this way, the judge came to the same place as his original sentence.

Double jeopardy principles apply differently when a defendant is resentenced than when acquitted.  As the Supreme Court observed in United States v. DiFrancesco, 449 U.S. 117, 133 (1980), "[h]istorically, the pronouncement of sentence has never carried the finality that attaches to an acquittal."  On the other hand, once a defendant commences a sentence with an "expectation of finality in his original underlying conviction, . . . a constitutional bar [arises] against an increase in that sentence."  State v. Rodriguez, 97 N.J. 263, 270 (1984).  What Rodriguez requires had occurred by the time the State voluntarily dismissed counts one, six, and eight.  When defendant was

9

resentenced following those dismissals, the judge was constitutionally barred from increasing the sentence defendant was already serving. The judge recognized this limitation and, indeed, he did not increase what was originally imposed in the aggregate; he only increased a term on one of the convictions.

To reach the same aggregate sentence, despite the absence of the prior convictions on counts one, six, and eight, the judge imposed a fifteen-year extended term, with a six-year parole ineligibility period, on count eleven when – previously – he had only imposed a seven-year term. Defendant argues that this increase in the prison term imposed on count eleven violated his federal and constitutional double jeopardy and due process rights. We disagree.

First, there is no doubt that the judge was required to resentence defendant. We said as much in <u>Kosch I</u>, 444 N.J. Super. at 393, when we mandated that, once counts one, three and six "are finally adjudicated, defendant should be resentenced on all convictions, including those with which we have not intervened" and that the sentencing judge should, at that time, "pay particular attention" to the potential for merger if defendant should end up being convicted again on any of those counts.[2] Our mandate did not preclude resentencing if

---

[2] As explained in <u>Kosch I</u>, three individuals were victimized by the conduct charged in all the counts for which defendant was originally convicted. 444 N.J.

defendant was acquitted at a retrial on those counts or, as here, where the State opted to dismiss the remanded counts.

Second, our Supreme Court, as a general matter, "perceived [no] unfairness" in permitting a judge to restructure a sentence on multiple convictions so long as the aggregate is not exceeded in the circumstance where a defendant succeeded on appeal in obtaining a merger of sentences on which the trial judge imposed separate prison terms. Rodriguez, 97 N.J. at 272. Later, we viewed Rodriguez as permitting – after an appeal resulted in the elimination of the consecutive aspect of an overall sentence – the increase of other interdependent convictions, recognizing only a bar against exceeding the original sentence in the aggregate. State v. Espino, 264 N.J. Super. 62, 68-69 (App. Div. 1993).

We extended this concept further still in State v. Young, 379 N.J. Super. 498 (App. Div. 2005). There, the defendant was convicted of aggravated assault and burglary, and sentenced to a five-year term, subject to a two-and-one-half-

---

Super. at 374-76. Even without the three convictions that were vacated and later dismissed, defendant remains convicted of conduct that victimized the same three individuals; the mode and manner – and arguably the severity in light of the absence of two second-degree convictions – of his conduct has been altered by the results of Kosch I and the State's voluntary dismissal of the theft-of-immovable-property counts.

A-0520-18T1

year parole ineligibility period, on the former, and a consecutive four-year term on the latter. Id. at 502-03. On appeal, the burglary conviction was overturned because of insufficient evidence. Id. at 503. When resentencing defendant on the aggravated-assault conviction, the trial judge granted the State's renewed motion for an extended term – a motion previously denied – and increased the prison term on that conviction to nine years, subject to a two-and-one-half-year period of parole ineligibility – the equivalent of the aggregate term previously imposed. Id. at 504-05. We found, in these circumstances, "no double jeopardy or due process violation since the overall sentence remained the same." Id. at 509.

We discern no principled distinction to be drawn between Young and the matter at hand. In Young, the sentencing judge originally opted to impose two lesser consecutive terms instead of an extended term. When one of the two convictions was overturned, we found no constitutional violation in the defendant being resentenced to an extended term on the only remaining conviction. And so, here, we conclude that to adhere to the principles well established in Rodriguez and our subsequent cases, double jeopardy and due process principles did not preclude the judge's imposition, for the first time, of an extended term on count eleven.

A-0520-18T1

III

Even though we find no merit in defendant's constitutional arguments, his argument about the overall sentence and its alleged excessiveness are not insubstantial. And those arguments are certainly not precluded by our rejection of defendant's constitutional arguments. The judge may have had the constitutional authority to impose the same aggregate sentence but that doesn't mean he should have. The sentence ultimately imposed after the prior appellate proceedings must still adhere to this State's well-established sentencing philosophy and may not be so excessive as to shock the judicial conscience. Indeed, as Justice Handler wrote for the unanimous Rodriguez Court, a sentencing judge in such an instance, while not barred by constitutional principles in imposing the same aggregate term, remains obligated to impose a sentence that "will properly reflect the sentencing guidelines of the [New Jersey Code of Criminal Justice]." 97 N.J. at 276. See also Young, 379 N.J. Super. at 506. In short, defendant was entitled to be resentenced for the offenses on which he stood convicted, in light of his own qualities and shortcomings, and without an undue dedication to a sentence previously imposed. See State v. Fuentes, 217 N.J. 57, 71 (2014) (recognizing that "the Code, our case law and the court

13

rules prescribe a careful and deliberate analysis," the "foundation" of which "is a thorough understanding of the defendant and the offense").

In examining defendant's excessive-sentence argument, we start with the noteworthy circumstance that this sentence incorporated not only an extended term with a period of parole ineligibility but a consecutive term as well. There may be no legal impediment to such a sentence,[3] but the decision to impose both an extended term and a consecutive term suggests a heightened need for scrutiny of "the real-time consequences" of the overall sentence. State v. Liepe, 453 N.J. Super. 126, 140 (App. Div.), certif. granted, 235 N.J. 295 (2018); accord State v. Abdullah, 184 N.J. 497, 515 (2005); State v. Miller, 108 N.J. 112, 122 (1987). Because the proceedings reveal, in our view, the judge's intent on imposing the same aggregate sentence as previously imposed – without adequate consideration for the fact that three convictions, one of which carried an extended term, were removed from the calculus – we are compelled to remand this matter for resentencing.

---

[3] For example, defendant's atrocious past criminal record provided a sufficient basis for an extended term. The remaining convictions involve multiple victims through defendant's independent and separate conduct, factors that provide support for consecutive terms. State v. Yarbough, 100 N.J. 627, 644 (1985).

Stated another way, the judgment now under review poses a question that has not adequately been answered in the trial court: how can a defendant, who stands convicted of less than what he was convicted when originally sentenced, deserve precisely the same sentence?[4] While that is not to say a judge would be precluded from reaching the same result without shocking the judicial conscience,[5] State v. Roth, 95 N.J. 334, 364-65 (1984), on this record we can find no stated justification for imposing the same aggregate sentence when defendant stands convicted of less wrongdoing than before. The record lacks an analysis of the degree to which defendant's overall culpability has been altered – if at all – by the elimination of three convictions (including two of the three second-degree convictions) that originally formed the same aggregate sentence that the judge again imposed.

---

[4] Defendant was originally sentenced on one second-degree offense of trafficking in items containing personal identifying information, two second-degree theft offenses, three third-degree theft offenses, and a third-degree forgery offense. This has changed to where defendant now stands convicted of only the second-degree trafficking offense, two third-degree theft offenses, and the third-degree forgery offense.

[5] We are mindful that defendant was charged and convicted of victimizing three property owners and the eventual dismissal of three of those convictions did not reduce the number of defendant's victims.

A-0520-18T1

In remanding, we also direct that defendant be resentenced by a different judge. We have previously observed how in similar circumstances it becomes "a difficult and uncomfortable task," State v. Henderson, 397 N.J. Super. 398, 416 (App. Div. 2008), aff'd and modified on other grounds, 208 N.J. 208 (2011), for a judge to engage in a re-evaluation of all relevant circumstances having firmly, and on multiple occasions, concluded that defendant was deserving of the aggregate sentence.

* * *

For all these reasons, we reject defendant's Points I, I(A), II, and II(A). We find insufficient merit in defendant's Points III, III(A), IV, V, VI, and VI(A) – to the extent not encompassed by what we have already expressed – to warrant further discussion in a written opinion. R. 2:11-3(e)(2). And we need not further consider the sentencing arguments contained in defendant's Point VII in light of our remand for resentencing by a different judge.[6]

_____

[6] To be clear about what has been argued, defendant's pro se brief includes the following points and subpoints: I. "The dismissal of count 10 of [187] by the court on [April 6, 2015] is an "acquittal" based on the holding in State v. Blacknall[, 288 N.J. Super. 466] . . . making this sentence illegal and in violation of defendant's guaranteed right to be free from double jeopardy"; II(A). "Finality attached once the [April 6, 2015] order was delivered by the court and defendant's attorney withdrew his representation based on the judge's ruling"; II. "Without the State first filing a motion for reconsideration or appealing the

16

Remanded for resentencing.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[April 6, 2015] order dismissing the indictments within the twenty[-]day non-enlargeable time period prescribed in Rule 1:7-4, the [May 5, 2015] order signed by [the trial judge] is void and unenforceable"; II(A). "Court rules prevent the [May 5, 2015] amended order from controlling"; III. "Defendant was made to stand trial without the court determining if the pre-trial motions to dismiss the indictments were valid, or palpably defective in violation of defendant's Fifth and Fourteenth Amendment rights to a fair trial"; III(A). "The court's actions here are structural error requiring reversal"; IV. "The trial judge prevented a meaningful review on direct appeal"; V. "The Criminal Code of New Jersey . . . demands that this sentence be vacated and the April 6, 2015 order delivered by [the trial judge] re-instated by this court dismissing count 10 of [187]"; VI. "All sentences had terminated prior to the [February 1, 2017] resentencing"; VI(A). "This sentence is illegal"; VII. "The imposition of the extended term is improper."

A-0520-18T1