FISHER, P.J.A.D.
*960 *441 Defendant appeals a judgment of conviction rendered after he was resentenced following our decision on his first appeal. State v. Kosch, 444 N.J. Super. 368, 133 A.3d 669 (App. Div.), certif. denied, 227 N.J. 369, 151 A.3d 972 (2016). Because our prior mandate did not permit a resentencing on those convictions unaffected by our prior decision without an adjudication of those counts as to which we ordered a new trial, we reverse and remand.
The circumstances that resulted in defendant's prosecution and conviction of nine counts of theft, forgery, and trafficking in *442 personal identifying information, are fully recounted in our earlier opinion, id. at 374-77, 133 A.3d 669, and need not be repeated here. It suffices for present purposes to observe that we reversed the convictions on three counts of theft of immovable property, N.J.S.A. 2C:20-3(b), and remanded for a new trial on those counts. We also then directed that "once those three counts are finally adjudicated, defendant should be resentenced on all convictions, including those" that went undisturbed. Kosch, 444 N.J. Super. at 392-93, 133 A.3d 669. Without adjudicating those three counts, the judge resentenced defendant on the convictions unaffected by our prior decision. And, by ordering-for the first time-an extended fifteen-year prison term, subject to a six-year period of parole ineligibility, on the trafficking conviction, as to which he previously assigned only a seven-year term,[1] the judge imposed the same aggregate prison term and parole ineligibility period as before. This new judgment of conviction was entered on March 2, 2017.
Defendant appeals,[2] and we now reverse and remand for further proceedings.
We start by considering whether the new judgment of conviction is a final order.[3] As noted, we previously reversed defendant's convictions on three theft counts-counts one, six, and eight-and remanded for a new trial; we left alone the remaining convictions. The new judgment of conviction, however, contains no disposition of the three remanded counts; the judgment merely *443 contains the observation that the "[p]rior adjudications on these counts were vacated by the Appellate Division." Leaving those three counts unadjudicated was no accident; the judge observed at the resentencing hearing:
Now, we are moving forward to a resentencing. And ... this is without re-adjudicating counts one, six and eight. I think that is sensible, as the Appellate Division observed in another part of their opinion, there certainly seems as if there would be overlap in the merger in connection with those counts.
....
Now, in terms of what happens to counts one, six and eight, I think it may be at this point the doctrine of mandatory joinder or perhaps a form of double jeopardy or ... lesser included of what *961 might make it sensible not to proceed on those counts. Again, I've said and the Appellate Division had said that there's an overlap. So, I do think it is sensible to proceed in this fashion and ... I suspect those counts, there would be no good reason ever to adjudicate them.
These comments demonstrate the judge was conscious of the fact that the reason for our remand-the need for a final disposition of those three counts-had not occurred. Despite our unambiguous mandate, the judge deemed it appropriate to allow the State to keep those three unadjudicated charges in its hip pocket pending the outcome of defendant's inevitable appeal of the new judgment of conviction. By proceeding in this manner, the judge entered a new judgment of conviction that is not a final order.
Ordinarily, we would dismiss such an interlocutory appeal, see In re Appeal of Pennsylvania R.R. Co., 20 N.J. 398, 404, 120 A.2d 94 (1956) (recognizing that the rules presuppose "a single and complete trial with a single and complete review" and forbid, absent leave granted, a partial trial court adjudication followed by appellate review and later an adjudication in the trial court of the remainder), but we will grant leave to appeal the new judgment of conviction out of time because another circumstance warrants our immediate intervention.
That circumstance is simply this: our mandate did not permit resentencing absent an adjudication of the three immovable-property counts. Kosch, 444 N.J. Super. at 392-93, 133 A.3d 669 (directing that resentencing may only occur "once those three counts are finally adjudicated"). Whether in agreement or not, a *444 trial judge is "under a peremptory duty to obey in the particular case the mandate of the appellate court precisely as it is written." Flanigan v. McFeely, 20 N.J. 414, 420, 120 A.2d 102 (1956) ; see also Lowenstein v. Newark Bd. of Educ., 35 N.J. 94, 116-17, 171 A.2d 265 (1961) ; Henebema v. Raddi, 452 N.J. Super. 438, 450-51, 175 A.3d 190 (App. Div. 2017) ; State v. Henderson, 433 N.J. Super. 94, 105, 77 A.3d 536 (App. Div. 2013). As we said in Tomaino v. Burman, 364 N.J. Super. 224, 233, 834 A.2d 1095 (App. Div. 2003), "the very essence of the appellate function is to direct conforming judicial action." See also In re Plainfield-Union Water Co., 14 N.J. 296, 303, 102 A.2d 1 (1954). Because we were unequivocal in directing that any resentencing could only occur after a final disposition of the three counts for which we remanded, the judge lacked the authority to resentence this defendant without ensuring compliance with that condition. So, without expressing any other view of the new sentence imposed or the arguments defendant posed in this appeal, we reverse the March 2, 2017 judgment of conviction and remand for further proceedings in conformity with our prior opinion and this opinion as well. In light of the passage of time since our prior mandate-more than two years-we assume the trial court will complete the remanded proceedings with all due expedition.
Reversed and remanded. We do not retain jurisdiction.

The record is particularly confusing about this count. In our earlier opinion we referred to it, as it was described for the jury, as "count 'eleven' " even though it was actually the tenth count of a separate indictment.

Defendant argues, among other things, that double-jeopardy principles barred the new judgment and that the judge erred in imposing an extended term for the first time on the so-called eleventh count.

Neither party suggested this possibility. Nevertheless, appellate jurisdiction cannot be created by the silence or inaction of the parties, and this court is under an obligation to ensure its scarce resources are not needlessly expended on matters not ripe for review. See Vitanza v. James, 397 N.J. Super. 516, 519, 938 A.2d 166 (App. Div. 2008).