**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3219-17T3

FOULKE MANAGEMENT CORP.,

    Plaintiff-Respondent,

v.

DOMESTIC LINEN SUPPLY CO. INC.,

    Defendant-Appellant,

and

AMERICAN ARBITRATION
ASSOCIATION,

    Defendant.

_____

        Submitted November 7, 2018 – Decided December 5, 2018

        Before Judges Suter and Firko.

        On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket Nos. L-2354-14 and L-4057-13.

        Burton Neil & Associates, PC, attorneys for appellant (Joseph D. DiGuglielmo, of counsel and on the briefs).

Capehart & Scatchard, attorneys for respondent (Laura D. Ruccolo, on the brief).

PER CURIAM

This matter is before us for a second time. In our prior unpublished opinion,[1] we remanded and directed the trial court to resolve the dispute as to whether Domestic Linen Supply Company, Inc., a Pennsylvania corporation (Domestic PA) or Domestic Linen Supply Company, Inc., a New Jersey corporation (Domestic NJ) was the contracting party to the rental agreements at issue and stayed arbitration pending resolution of this factual dispute. On remand, the trial judge did not comply with our directive and issued an order on February 2, 2018, compelling a jury trial to determine the proper parties and permitting substitution of Domestic PA for Domestic NJ if so found by the jury. On March 15, 2018, the trial court denied defendants' motion for reconsideration. Because our prior mandate did not direct a jury to decide whether Domestic PA or Domestic NJ was the proper party, we vacate the February 2, 2018 and March 15, 2018 orders, reverse, and remand to the trial court for further proceedings.

---

[1] Foulke Mgmt. Corp. v. Domestic Linen Supply Co., No. A-0752-14 (App. Div. Mar. 14, 2016).

## I.

The underlying litigation is extensive and accompanied by a complex procedural history, as set forth in our prior opinion. For purposes of this opinion, we provide the core facts and procedural history leading to the entry of the orders under review.

Following remand, on May 20, 2016, the trial court notified the parties it would dismiss the complaint for lack of prosecution. In response, plaintiff filed a request to enter default against defendants for failing to plead or defend the complaint that was entered on May 25, 2016. On June 13, 2016, defendants filed an amended answer with affirmative defenses.

Following defendants' failure to respond to discovery, an order was entered compelling them to provide discovery and extending the discovery end date until November 11, 2016. A motion for summary judgment was filed by defendants on March 17, 2017, seeking a ruling that Domestic PA was the proper party to the contracts, and declaring the arbitration clauses in the contracts valid.[2] In the alternative, defendants moved for leave to amend their answer to

---

[2] In our prior opinion, we noted that: "Our opinion is not to be construed as suggesting the outcome of any issue concerning the parties, the validity of the arbitration clauses, or whether discrete issues do not fall within the arbitration clauses." Foulke, slip op. at 15. The parties were also restrained from pursuing

3                                                              A-3219-17T3

assert counterclaims against plaintiff. The motions were denied on May 12, 2017, and defendants' motion for reconsideration was denied on July 7, 2017.

Thereafter, Domestic PA filed a complaint against plaintiff in the United States District Court for the Eastern District of Pennsylvania for breach of contract, and to compel arbitration, upon dissolution of our order. Plaintiff filed a motion to dismiss, in lieu of an answer, on November 28, 2017, based upon the "first filed rule" because "the issues are presently before the New Jersey Superior Court and have been since 2013."[3]

On January 2, 2018, plaintiff filed a motion in this case to determine the proper parties, and in the event a jury found Domestic PA to be the proper party, a substitution be made. In contravention of our clear mandate, the judge entered the following order:

> THIS MATTER having been opened to the court by Laura D. Ruccolo, Esq. of Capehart Scatchard, P.A., attorneys for plaintiff in the above-entitled action, upon Notice of Motion for an Order compelling jury trial on factual issue of Plaintiff's contract defense and to substitute parties based on findings; and it appearing to the court after reviewing the moving papers that the

---

arbitration until the issue of identification of the proper party was resolved. We also held that the first judge's ruling as to the validity of the arbitration clauses was interlocutory and subject to reconsideration.

[3] The outcome of the motion to dismiss is not a part of this record.

requested relief should be granted, and for good cause shown;

NOW THEREFORE, it is on this 2nd day of February 2018,

HEREBY ORDERED that (1) the instant matter be heard in the presence of a jury; and (2) be permitted to substitute parties based on findings.[4]

On March 21, 2018, defendants appealed the February 2, 2018 order and requested an adjournment of the March 26, 2018 trial date. The request was granted, and trial was rescheduled for April 16, 2018. On March 28, 2018, defendants filed a motion with the trial court seeking a bifurcation and proceeding first with the party identification issue.

Defendants filed a joint motion for leave to appeal the February 2, 2018 order on April 9, 2018. The next day, they renewed their request to adjourn the April 16, 2018 trial date arguing the appeal divested the trial court of jurisdiction. On May 10, 2018, we granted defendants' motion for leave to appeal.

By proceeding in this manner, the trial court circumvented our directive. In his oral decision denying defendants' motion for reconsideration, the judge

---

[4] The motion was granted as unopposed, despite efforts made by defendants to file opposition papers that were rejected by the clerk's office. No oral argument was conducted.

A-3219-17T3

improvidently found that the determination of the proper party was a "factual issue that should be decided by a jury."

## II.

Defendants raise the following arguments on appeal:

A.  The Court should vacate the Trial Court's February 2, 2018 Order compelling a jury trial on Foulke's substantive claims.

1.  The Order compelling a jury trial on Foulke's substantive claims violates the contractual requirement of arbitration.

2.  The Order compelling a jury trial on Foulke's substantive claims violates this Court's March 24, 2016 Order requiring the Trial Court to first determine whether Foulke entered the Contracts with Domestic NJ.

3.  The Trial Court lacks subject matter jurisdiction over the case and has no power to conduct a trial or substitute parties.

4.  The Order compelling a jury trial on Foulke's substantive claims is unnecessary because there are no factual questions for a jury to decide.

a.  The plain language of the contracts proves that Domestic PA is the party to the contracts.

6

b. Domestic PA's invoices to Foulke prove that Domestic PA is the party to the contracts.

c. Foulke's own business records prove that Domestic PA is the party to the contracts.

d. Foulke's attorney's own pre-litigation communications to Domestic PA regarding the contracts prove that Domestic PA is the party to the contracts.

e. The only "facts" Foulke presents to show that Domestic NJ is the contracting party are really questions of law and/or inadmissible parol evidence.

B. The Court should vacate the Trial Court's February 2, 2018 Order permitting substitution of Domestic PA as the defendant after trial.

1. The Order permitting substitution of Domestic PA as the defendant after trial violates Rules 4:2-2, 4:4-4, and 4:9-1 by allowing Foulke to serve a complaint against Domestic PA.

2. Foulke's claims against Domestic PA should be heard as counterclaims in the first-filed, prior-pending Federal Court action.

When an appellate court orders a remand "the trial court is under a peremptory duty to obey the mandate of the appellate tribunal precisely as it is

7

written." Flanigan v. McFeely, 20 N.J. 414, 420 (1956); see also Lowenstein v. Newark Bd. of Educ., 35 N.J. 94, 116-17 (1961); State v. Kosch, 454 N.J. Super. 444 (App. Div. 2018); Henebema v. Raddi, 452 N.J. Super. 438 (App. Div. 2017), certif. denied, 233 N.J. 215 (2018). In fact, the "terms and scope of the remand or specific instructions it has issued regarding the litigation bind[s] the court below whether it agrees or not." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 2:9-1 (2019).

"[T]he very essence of the appellate function is to direct conforming judicial action. As such, the trial court has no discretion when a mandate issues from an appellate court. It simply must comply." Tomaino v. Burman, 364 N.J. Super. 224, 233 (App. Div. 2003) (citations omitted). The trial judge failed to comply with these principles.

Consequently, we direct that the trial court must:

> (1)  conduct a case management conference within thirty days to ascertain if there are any outstanding discovery issues relative to the identification of the proper party (Domestic NJ or Domestic PA).
>
> (2)  proceed with a hearing, without a jury, within sixty days thereafter as to the identification issue.
>
> (3)  issue an opinion within thirty days after the completion of the hearing as to the identification issue only.

A-3219-17T3

Thereafter, the trial court must determine whether the matter will proceed to arbitration as previously ordered by the first judge, or if a motion for reconsideration will be entertained as to whether arbitration is appropriate.

We have considered defendants' other contentions in light of the record and applicable legal principles and conclude that they are premature at this juncture and without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We reverse the February 2, 2018 and March 15, 2018 orders and remand for further proceedings in conformity with our prior opinion as well as this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3219-17T3