**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5117-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROBERT J. KOSCH, JR.,
a/k/a ROBERT J. KOCH,
and ROBERT TAYLOR,

     Defendant-Appellant.

_____

Submitted January 7, 2020 – Decided January 22, 2020

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 13-05-0188.

Robert J. Kosch, Jr., appellant pro se.

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Paula Cristina Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

This is now defendant's fourth appeal. In his first, we reversed three convictions of theft of immovable property, leaving six other convictions intact. State v. Kosch, 444 N.J. Super. 368 (App. Div.) (Kosch I), certif. denied, 227 N.J. 369 (2016). We remanded for a new trial on only the three affected charges and for resentencing once there was a final disposition on those three charges. Id. at 393. After that remand, the three charges were neither dismissed nor retried; instead, the judge resentenced defendant on the six other convictions – imposing the same aggregate sentence – and leaving the three unadjudicated charges in abeyance. Defendant appealed the new judgment of conviction, and we reversed because the judge failed to adhere to our mandate and inappropriately resentenced defendant without disposing of the immovable-property theft charges. State v. Kosch, 454 N.J. Super. 440, 444 (App. Div. 2018) (Kosch II). Following that remand, the State voluntarily dismissed the immovable-property theft charges and defendant was resentenced, again receiving the same aggregate twenty-year prison term.[1]

---

[1] When originally sentencing defendant, the judge created two groups of convictions. In the first group, he imposed a fifteen-year extended term on one of the immovable-property theft convictions (the first count), and concurrent eight- or five-year terms on the others; in the second group, the judge imposed concurrent five-year terms, but he also directed that the second group run consecutively to the first, thereby crafting a twenty-year aggregate prison term

Defendant appealed a third time; we rejected his double jeopardy and due process arguments, Kosch III, 458 N.J. Super. at 347, but we remanded again because it did not appear sufficient consideration had been given to the absence of the three immovable-property theft convictions, id. at 355-56. We then rhetorically asked, "how can a defendant, who stands convicted of less than what he was convicted when originally sentenced, deserve precisely the same sentence?" Id. at 355. While we held that the state of the law did not foreclose a principled determination that the same aggregate sentence was appropriate, we could not find in the record the judge's analysis of the impact caused by the absence of the three immovable-property theft matters that had formed part of the original sentence. Ibid.

In Kosch III, we also recognized that our remand burdened the trial judge with "a difficult and uncomfortable task" in light of his insistence on imposing on multiple occasions the same aggregate sentence. Id. at 355-56 (quoting State v. Henderson, 397 N.J. Super. 398, 416 (App. Div. 2008), aff'd and modified on

---

subject to a six-year period of parole ineligibility. Kosch I, 444 N.J. Super. at 377. Later, when resentencing defendant in light of the absence of the first count due to the State's voluntary dismissal, and to reach the same aggregate sentence, the judge imposed a fifteen-year extended term on the eleventh count on which he had previously imposed only a seven-year ordinary term. State v. Kosch, 458 N.J. Super. 344, 348-49 (App. Div. 2019) (Kosch III), certif. denied, __ N.J. __ (Oct. 21, 2019).

A-5117-18T2

other grounds, 208 N.J. 208 (2011)).  For that reason, we directed that another judge resentence defendant.  Id. at 356.

In a thorough resentencing proceeding, a different judge sentenced defendant on the eleventh count to a fifteen-year extended prison term subject to a six-year period of parole ineligibility, and concurrent lesser terms on the other convictions.  This reduced the aggregate term, from what was previously imposed, by five years.

Defendant appeals, arguing:

> I. THE SENTENCE IMPOSED BY THE COURT DOES NOT PROPERLY CONSIDER THE DIRECTIVE FROM THE APPELLATE DIVISION TO ANAL[Y]ZE THE DEGREE TO WHICH DEFENDANT'S OVERALL CULPABILITY APPLIED TO THE NEW SENTENCE BY THE ELIMINATION OF THE THREE VACATED COUNTS.
>
> I(A). DEFENDANT PRESENTED THE RESEN-TENCING COURT WITH ERRORS IN THE CONVICTION ON COUNT ELEVEN IN A WRITTEN MEMORANDUM WHICH WOULD AFFECT THE NEWLY IMPOSED SENTENCE SUBMITTED FOR REVIEW CONSISTENT WITH THE ANALYSIS OF THE REMAINING CULPA-BILITY.
>
> II. THE RELATIONSHIP BETWEEN THE IDENTIFIERS AND THE VACATED COUNTS 1, 6 & 8, IN KOSCH I, FINALLY DISMISSED WITH PREJUDICE BY THE STATE MORE THAN TWO

4

YEARS AFTER REVERSAL AND REMAND FOR A NEW TRIAL ARE INEXTRICABLY INTERTWINED REQUIRING REVERSAL, OR DISMISSAL OF THE EXTENDED TERM SENTENCE IN COUNT ELEVEN AS NO OTHER INTEREST WAS CHARGED IN THE INDICTMENT, OR PENDING AGAINST THE DEFENDANT.

II(A). NOW THAT COUNTS ONE, SIX AND EIGHT ARE DISMISSED WITH PREJUDICE, IT ALTERS DRAMATICALLY THE OPINION AND POINTS FOR REVERSAL IN KOSCH I, WARRANTING THE APPELLATE COURT TO TAKE FURTHER ACTION DISMISSING THE REMAINDER OF THIS CASE AND THE RECENT SENTENCE NOW IN OPERATION (NOT RAISED BELOW).

III. ALTHOUGH THE COURT REDUCED THE DEFENDANT'S SENTENCE, THE COURT DID NOT FULLY ADDRESS THE "REAL TIME CONSEQUENCES" AS PROPOSED IN KOSCH III, AS IT RELATED TO STATE V. LEIPE, 453 N.J. SUPER. 126 ([APP. DIV.] 2017).

IV. EXTENDED TERM PUNISHMENT IS NOT APPLICABLE HERE.

V. THE MAY 14, 2018 [TRIAL COURT ORDER THAT DISMISSED THE IMMOVABLE-PROPERTY THEFT COUNTS] DISMISSES ALL CONDUCT IN THE THEFT COUNTS (NOT RAISED BELOW).

VI. THE APPELLATE DIVISION SHOULD RETAIN[] ORIGINAL JURISDICTION IN THIS MATTER PURSUANT TO RULE 2:10-5 (NOT RAISED BELOW).

We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

There is no question that defendant was extended-term eligible as a persistent offender based on his considerable criminal record, and there was no legal impediment to the judge's imposition of an extended term on a conviction on which only an ordinary term was imposed, as we held in Kosch III, 458 N.J. Super. at 353. All that was left following our last remand was a new sentencing before a different judge and for that judge to take into consideration the fact that defendant stood convicted of less wrongdoing than when he was originally sentenced. We are satisfied that all that has occurred.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5117-18T2