**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1091-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT KOSCH,

    Defendant-Appellant.

_____

> Submitted December 7, 2021 – Decided December 14, 2021
>
> Before Judges Fisher and Currier.
>
> On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 13-05-0188.
>
> Robert Kosch, appellant pro se.
>
> Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Paula Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

After the third of three earlier appeals,[1] defendant was sentenced to a fifteen-year extended prison term subject to a six-year period of parole ineligibility. He appealed for the fourth time, and we affirmed, State v. Kosch, No. A-5117-18 (App. Div. Jan. 22, 2020), and a few months after, defendant filed a post-conviction relief (PCR) petition, arguing, among other things, the ineffectiveness of his appellate counsel.[2]

---

[1] In defendant's first appeal, we reversed three convictions of theft of immovable property while leaving six other theft convictions intact. State v. Kosch, 444 N.J. Super. 368 (App. Div. 2016). We remanded for a new trial on the three immovable-theft charges and for resentencing once those charges were finally resolved. Id. at 393. After that remand, the three immovable-theft charges were neither retried nor dismissed; the judge instead resentenced defendant on the other six convictions, imposing the same aggregate sentence and leaving the three unadjudicated charges in suspended animation. Defendant appealed, and we reversed because of the trial judge's failure to comply with our mandate about the three unresolved charges. State v. Kosch, 454 N.J. Super. 440, 444 (App. Div. 2018). Following that remand, the State voluntarily dismissed the three immovable-theft charges, and defendant was resentenced to the same aggregate twenty-year prison term originally imposed. Defendant appealed again. While we rejected his double jeopardy and due process arguments, we vacated the judgment of conviction and remanded because it did not appear sufficient consideration had been given to the absence of the three immovable-theft matters; as we then rhetorically asked: "how can a defendant, who stands convicted of less than what he was convicted when originally sentenced, deserve precisely the same sentence?" State v. Kosch, 458 N.J. Super. 344, 347 (App. Div.), certif. denied, 240 N.J. 20 (2019). At the sentencing hearing that followed, Judge David H. Ironson, who had not previously been involved in this matter, imposed the fifteen-year prison term we affirmed in defendant's fourth appeal.

[2] Defendant was represented by counsel in his first appeal, but in all the later appellate proceedings he represented himself.

Judge Louis S. Sceusi did not conduct an evidentiary hearing but heard the argument of counsel and denied the PCR petition for reasons expressed in a nineteen-page written decision. The judge concluded that many of the issues raised in the PCR petition had been asserted and addressed in defendant's direct appeal and were therefore procedurally barred. He also held that defendant failed to present a prima facie case on his other claims.

Defendant appeals, arguing:

> I. THIS COURT SHOULD RETAIN JURISDICTION.
>
> II. THE ERRORS COMPLAINED OF HERE ARE FUNDAMENTAL ERRORS, EITHER STRUCTURAL, OR PLAIN AND FATAL, OR INSURM[]OUNTABLE TO THE CONVICTION REQUIRING REVERSAL AND/OR DISMISSAL AS THE BAR IMPOSED BY THE LOWER COURT IS VIOLATIVE OF THE STATE AND FEDERAL CONSTITUTION OFFENDING RULE 3:22-4([a])(1) (2) & (3).
>
> IIA. THE LACK OF FUNDAMENTAL FAIRNESS IN THESE PROCEEDINGS IS SUFFICIENT FOR THIS TRIBUNAL TO VACATE[] OR DISMISS THE INSTANT CHARGES.
>
> III. APPELLATE COUNSEL'S REPRESENTATION FELL BELOW CONSTITUTIONAL STANDARDS MAKING HIS REPRESENTATION INEFFECTIVE IN THIS CASE BY NOT RAISING CLAIMS THAT THE TRIAL JUDGE FAILED TO RULE ON A TIMELY FILED MOTION TO DISMISS THE INDICTMENT, FAILED TO MAKE A RULING ON

3

DEFENDANT'S MOTION FOR ACQUITTAL AFTER THE STATE RESTED AND DID NOT PROPERLY ENGAGE IN THE CREATION OF A JURY CHARGE ON COUNT 10 DUE TO THE ABSENCE OF A MODEL JURY CHARGE BY THE ADMINISTRATIVE OFFICE OF THE COURTS.

We find insufficient merit in defendant's arguments to warrant further discussion, R. 2:11-3(e)(2), and we affirm substantially for the reasons set forth by Judge Sceusi in his thorough and well-reasoned written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1091-20