**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY FRANCIS RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 3177 EDA 2023 |

Appeal from the PCRA Order Entered December 5, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001117-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY FRANCIS RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 3178 EDA 2023 |

Appeal from the PCRA Order Entered December 5, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003847-2019

BEFORE:  LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:　　　　　　　　**FILED OCTOBER 17, 2024**

Anthony Francis Rodriguez appeals[1] from the order, entered in the Court

of Common Pleas of Northampton County, denying his petition filed pursuant

_____

[1] We note that the PCRA court issued a notice of intent to dismiss Rodriguez's petition without a hearing pursuant to Pa.R.Crim.P. 907 at both trial court dockets on October 31, 2023.  The PCRA court dismissed Rodriguez's petition on December 5, 2023.  Rodriguez filed a *pro se* notice of appeal at each docket
*(Footnote Continued Next Page)*

to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

The underlying charges in this case stem from a January 10, 2019 incident in which Rodriguez sold narcotics in a controlled buy to a confidential informant ("CI") for the Bethlehem Police Department. *See Commonwealth v. Rodriguez*, 922 EDA 2021, *1 (Pa. Super. filed Aug. 5, 2022) (unpublished memorandum decision). Rodriguez was convicted of three counts of possession of a controlled substance with intent to deliver and one count each of possession of drug paraphernalia and criminal use of a communication facility. *Id.* The trial court sentenced him to an aggregate term of nine years and two months to 25 years of incarceration. Post-sentence motions were denied and this Court affirmed Rodriguez's judgment of sentence. *See id.*

On July 24, 2023, Rodriguez filed a timely *pro se* PCRA petition, his first, in which he asserted two grounds for relief: (1) a violation of the Constitution

_____

on November 16, 2023, from the October 31, 2023 Rule 907 notice. However, Rodriguez's potentially interlocutory appeal was made timely by the entry of the December 5, 2023 final order. *See* Pa.R.A.P. 905(a)(5). We have corrected the caption accordingly.

We further note that Rodriguez filed amended notices of appeal at each docket number in accordance with *Commonwealth v. Young*, 265 A.3d 462 (Pa. 2021) (overruling pronouncement in *Commonwealth v. Walker*, 185 A.3d 960 (Pa. 2018), that failure to file separate notices of appeal requires quashal and reasoning that "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate"). We have, *sua sponte*, consolidated Rodriguez's appeals. *See* Order, 4/9/24. *See also* Pa.R.A.P. 513.

of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; and (2) ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See* PCRA Petition, 7/24/23, at 2. *See also* 42 Pa.C.S.A. § 9543(a)(2)(i)-(ii). In support of his claims, Rodriguez set forth the following factual basis:

> Trial attorney requested discovery on [two] sep[a]rate occasions[.] Prosecution did not turn over full discovery until trial.
>
> Trial attorney failed to object to evidence introduced at trial. Trial attorney misle[]d [Rodriguez through the] trial process, including not showing up for preliminary hearing.

PCRA Petition, 7/24/23, at 4.

On August 11, 2023, the PCRA court appointed Brian Panella, Esquire, as PCRA counsel. Following an issue-framing conference on September 5, 2023, the court gave counsel 30 days to file an amended petition "or any other document he deems appropriate." Order, 9/5/23. On October 25, 2023, counsel filed a ***Turner*/*Finley***[2] "no-merit" letter and motion to withdraw. On October 31, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss and granted counsel's motion to withdraw. Rodriguez did not file a

_____

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

response to the PCRA court's Rule 907 notice. On November 16, 2023, Rodriguez filed a premature notice of appeal to the court's Rule 907 notice. *See* Pa.R.A.P. 905(a)(5) (notice of appeal filed after announcement of determination but before entry of appealable order treated as filed after such entry and on day thereof). On December 5, 2023, the PCRA court formally dismissed Rodriguez's petition. Rodriguez filed a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He now raises the following claims for our review:

> 1. Was trial counsel ineffective[] when he failed to raise a violation of the Fourth Amendment of the United States Constitution and Article 1 Section 8 of the Pennsylvania Constitution that arguably would have resulted in the exclusion of reliable, but unconstitutionally seized evidence?
>
> 2. Did the trial court abuse [its] discretion with [its] denial of [Rodriguez's] pre-trial motion to compel discovery without absent [sic] a manifest abuse of discretion?
>
> 3. Did the trial court abuse [its] discretion by allowing the Commonwealth to pass an incomplete discovery, leaving defense counsel unable to form a punitive [sic] argument of a[] *Brady*[3] violation in regards to pre-recorded U.S. currency?
>
> 4. Did the Commonwealth violate [its] duty to promptly disclose under Pa.R.Crim.P. 573[(B)(2)(b)]?

Brief of Appellant, at 4 (unnecessary capitalization omitted).

In reviewing an order denying relief under the PCRA, this Court's standard of review is whether the determination of the PCRA court is

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

supported by the evidence of record and is free of legal error. ***Commonwealth v. Hipps***, 274 A.3d 1263, 1266 (Pa. Super. 2022).

Rodriguez first claims that trial counsel was ineffective for failing to "ma[k]e a reliable argument against the evidence found inside of 711 East Sixth Street[,] Bethleh[e]m[,] Pennsylvania on January 10, 2019[,] as the evidence was seized unconstitutionally." Brief of Appellant, at 10. Specifically, Rodriguez challenges counsel's examination, at the preliminary hearing, of detectives involved in securing the search warrant, searching the Sixth Street property, and interviewing Rodriguez. ***See id.*** at 10-13. This claim is waived.

"[A] claim not raised in a PCRA petition cannot be raised for the first time on appeal." ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004). Our Supreme Court has reasoned that "permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA." ***Id.***, quoting ***Commonwealth v. Bond***, 819 A.2d 33, 52 (Pa. 2002).

Here, the ineffectiveness claims Rodriguez raised in his PCRA petition addressed counsel's failure to receive discovery in a timely fashion and to object to unspecified evidence introduced at trial. Because Rodriguez failed to raise in his PCRA petition a claim relating to the constitutionality of the search of the Sixth Street residence or the validity of the search warrant, his appellate claim is waived. ***Santiago***, ***supra***.

For the same reason, Rodriguez's final three claims are also waived. Specifically, Rodriguez did not assert in his PCRA petition: (1) that the trial court abused its discretion in denying his pre-trial motion to compel discovery; (2) that the trial court abused its discretion in allowing the Commonwealth to pass incomplete discovery related to the pre-recorded buy money and the identity of the CI, thus preventing trial counsel from making an effective *Brady* argument; and (3) that the Commonwealth violated its duty to properly disclose under Pa.R.Crim.P. 573(B)(2)(b) (relating to expert witnesses).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2024